### Salem

ARNOLD LEON WAUGH

v.

COMMONWEALTH OF VIRGINIA

No. 0093-90-3

Decided June 4, 1991

COUNSEL

Joseph Graham Painter, Jr., for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

MOON, J.—In this appeal, we hold that a police radio broadcast, indicating that a person in a blue van was suspected of selling vacuum cleaners without a license and being very pushy in trying to gain entrance into persons' houses, was insufficient to give rise to an articulable and reasonable suspicion that criminal activity was afoot, warranting the officer's actions in pulling over the appellant's van for an investigatory stop. Therefore, the evidence obtained during the stop was inadmissible and we reverse Arnold Leon Waugh's conviction of driving after having been declared an habitual offender.

On June 28, 1989, Officer Nathaniel S. Parker received a radio dispatch that there had been "numerous calls of a suspicious light blue van in the residential area of Christiansburg, possibly selling vacuum cleaners with no permit and being very pushy trying to gain entry into homes." Approximately four or five minutes after the broadcast, the officer saw a light blue van. He followed the van and radioed the dispatcher to verify its license plate number. Ascertaining that this was the van in question, he pulled the van over. The officer testified that the driver had committed no traffic infraction and was stopped solely to investigate the possibility that he was selling vacuum cleaners without a license. He approached the appellant, who was driving the van, and asked for his solicitor's permit. The appellant did not have a solicitor's permit in his possession, although he did in fact have a permit. An inquiry through the Division of Motor Vehicles revealed that the appellant had been adjudicated an habitual offender in 1980.

To stop an automobile and detain its occupants is impermissible "except in those situations in which there is at least an articulable and reasonable suspicion that a motorist . . . is . . . subject to seizure for violation of law." *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). "If the stop of the vehicle is without a war-

rant, the Commonwealth has the burden to prove the stop was legal." *Murphy v. Commonwealth*, 9 Va. App. 139, 143, 384 S.E.2d 125, 127 (1989). We must determine upon an objective assessment of the totality of the circumstances "whether the officer could have entertained an articulable reasonable suspicion that the defendant was involved in unlawful activity." *Id.* at 144, 384 S.E.2d at 128.

The Commonwealth draws heavily upon *Jones v. Commonwealth*, 230 Va. 14, 334 S.E.2d 536 (1985), to support its position that the officer possessed a reasonable suspicion of criminal activity sufficient to warrant the investigatory stop. In *Jones*, an officer was on patrol. Earlier in the day, during roll call, the officer had been told to stay on the lookout for a suspected burglar described as "a black male in his twenties, 5' 10", 175, with a husky build, dark complexion, and in one instance [was] wearing shorts and a tee-shirt [and in] another . . . was . . . wearing a jogging suit [and] carrying a large knapsack-like bag, possibly a duffle bag." The officer, while on patrol at approximately 8:00 p.m., saw Jones emerging from a garage in the back of a hotel. The location of the garage was approximately 300 yards from the scene of recent burglaries. The defendant matched the physical description of the suspect, was wearing a jogging suit, was carrying two duffle bags, and appeared to be looking around for someone or something. Upon these facts, the Court held that the officer possessed an articulable and reasonable suspicion that the defendant was involved in criminal activity such that his investigatory stop was legal; as a result, the narcotics he found pursuant to the stop were admissible. *Id.* at 21, 334 S.E.2d at 541.

In the present case, the officer had received a dispatch to be on the lookout for a suspect who was believed to be *selling vacuum cleaners without a license*. The report, however, did not state that appellant was engaged in criminal activity; it stated only that some unknown person suspected that appellant was selling vacuum cleaners without a license. At the time the officer saw appellant's van, the description and license number of which matched that given in the bulletin at the time of the stop, the appellant was not engaged in selling vacuum cleaners. The appellant was driving in a lawful manner. The officer observed nothing prior to the stop to corroborate the unknown person's complaint of possible sales without a license.

· Under the circumstances, there was no articulable or reasonable suspicion to believe appellant was engaged in criminal activity. Accordingly, there was no justification for the officer pulling the appellant over and stopping him. As a result of the illegal stop, the officer learned the defendant's name and was able to determine his status as an habitual offender. "[T]he unlawful stop resulted directly in [the defendant's] arrest and ultimate conviction." *Zimmerman v. Commonwealth*, 234 Va. 609, 613, 363 S.E.2d 708, 711 (1988). Without the evidence acquired in the illegal stop, there is no evidence to support the conviction. *See id.* Accordingly, the conviction is vacated and the indictment dismissed.

*Reversed and dismissed.*

Koontz, C.J., and Barrow, J., concurred.