## Norfolk

ZENO LEE

v.

COMMONWEALTH OF VIRGINIA

No. 0657-92-1

Decided April 19, 1994

COUNSEL

Timothy E. Miller, Public Defender (Barrett R. Richardson, Senior Assistant Public Defender, on brief), for appellant.

Thomas D. Bagwell, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Virginia B. Theisen, Assistant Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Zeno Lee (appellant) appeals from judgments of the Circuit Court of the City of Suffolk (trial court) that approved jury verdicts convicting him for driving under the influence and for driving after having been declared an habitual offender. Appellant contends (1) that his warrantless arrest was made in violation of the Fourth Amendment, (2) that his DUI arrest for a misdemeanor not committed in the presence of the arresting officer was unlawful, and (3) that the evidence pertaining to his intoxication and driving after having been declared an habitual offender pursuant to his motion should be suppressed as the product of an unlawful arrest.[1] For the reasons that follow, we affirm.

---

[1] At a pretrial hearing on appellant's motion, the only evidence presented relative to the stop was the testimony of the arresting police officer.

Suffolk Police Officer D. B. Davis (Davis) testified that, at approximately 10:52 p.m. on March 22, 1991, he received a radio dispatch advising him that a subject, who was in a 7-Eleven store on Holland Road in Suffolk, "was causing a disturbance and was possibly intoxicated." Davis drove to the store and arrived at 11:00 p.m. Upon arrival, he was called over by a person he knew to be a security guard. The guard pointed to appellant, who was in his car and driving from the store parking lot. The guard identified appellant as the person who had caused the disturbance. In addition, the guard told Davis that appellant had been drinking. Davis observed appellant drive off the lot and accelerate[2] his car as it turned onto the street. Davis followed, caught up with appellant and stopped him. Appellant was the only person in his vehicle. By the time appellant was advised to exit his vehicle, he had already done so. As appellant walked toward the rear of his car, he swayed and leaned against the trunk for support. The odor of alcohol emanated from appellant, his eyes were bloodshot and his speech was incoherent. Appellant failed a field sobriety test. A subsequent blood test produced a reading of .11. Except for the increased acceleration, Davis did not observe any unusual driving by appellant prior to the stop. Davis testified that his pursuit and stop of appellant were a result of receiving the radio dispatch and information from the security guard. The trial court denied appellant's motion to suppress.

At trial, in addition to the above evidence, appellant's habitual offender status was established.

■■■ "The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but 'to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals.'" *Baldwin v. Commonwealth*, 243 Va. 191, 196, 413 S.E.2d 645, 647 (1992) (quoting *United States v. Mendenhall*, 446 U.S. 544, 553-54 (1980)). When a vehicle stop is made without a warrant, the burden is on the Commonwealth to prove that the stop complied with the requirements of the Fourth Amendment. *Murphy v. Commonwealth*, 9 Va. App. 139, 143, 384 S.E.2d 125, 127 (1989). How-

---

[2] The *American Heritage Dictionary* 71 (2d ed. 1985) defines "accelerate" as "to cause to occur sooner than expected." *See also Webster's Third New International Dictionary* 10 (1986). "Accelerate," as applied to a moving vehicle, generally relates to an increase in the rate of speed.

ever, on appeal from an adverse ruling, the burden is on the defendant to show that the adverse ruling constituted reversible error. *Fore v. Commonwealth*, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, *cert. denied*, 449 U.S. 1017 (1980). A trial court's refusal to suppress evidence discovered in a warrantless stop will not be disturbed on appeal unless the holding is plainly wrong or without evidence to support it. *See Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

■ For evidence obtained as a result of a warrantless stop to be admissible, the officer who made the stop must articulate a reasonable suspicion, based on objective facts, that the motorist is subject to lawful seizure. *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). "The Supreme Court of the United States has identified two types of seizures of the person protected by the Fourth Amendment—arrest and investigatory stop." *Baldwin*, 243 Va. at 195, 413 S.E.2d at 647 (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). An arrest may be made only when the arresting officer "has probable cause to believe that the person seized has committed or is committing a criminal offense . . . however, in the interest of 'effective crime prevention and detection . . . a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating *possibly* criminal behavior.' " *Id.* (emphasis added) (citations omitted). "In determining whether police detention of a person constitutes a seizure by investigatory stop, 'cognizance must be taken of the "totality of the circumstances—the whole picture." ' " *Id.* at 199, 413 S.E.2d at 649. *See also Leeth v. Commonwealth*, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)).

■ In articulating the reasons for the stop, the officer must prove only that a reasonable suspicion exists that criminal activity *may* be afoot. *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (emphasis added). "The test is less stringent than probable cause." *Leeth*, 223 Va. at 340, 288 S.E.2d at 478; *see also Terry v. Ohio*, 392 U.S. 1 (1968). "Actual proof that criminal activity *is* afoot is not necessary; the record need only show that it *may* be afoot." *Harmon v. Commonwealth*, 15 Va. App. 440, 444, 425 S.E.2d 77, 79 (1992); *see also Richards v. Commonwealth*, 8 Va. App. 612, 616-17, 383 S.E.2d 268, 271 (1989).

The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. A brief stop of a suspicious individual, in order to determine his identify or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.

*Adams v. Williams*, 407 U.S. 143, 145-46 (1972) (citations omitted); *see also Howard v. Commonwealth*, 210 Va. 674, 173 S.E.2d 829 (1970).

Existing case law supports the Commonwealth's contention that when Davis stopped appellant, based on the information he had received and the facts observed, he had a reasonable, articulable basis for making a brief investigative stop to determine whether appellant was or had been engaged in criminal activity. The Virginia Supreme Court affirmed a conviction for violation of Code § 46.1-198.1 based on the warrantless discovery of a radar detector in an automobile stopped by a state trooper who suspected the presence of the detector after observing the car brake lights come on and the vehicle slow after passing through the radar beam. *See Leeth*, 223 Va. at 337, 288 S.E.2d at 476. In *Layne v. Commonwealth*, 15 Va. App. 23, 24-25, 421 S.E.2d 215, 216 (1992), we affirmed Layne's conviction for violation of Code § 18.2-266 (driving while intoxicated). The basis for the officer's warrantless stop of Layne's automobile was information the officer had received from a radio dispatch directing him to investigate a report of assault and battery at a Stafford Street address and information the officer received from the victim at that address. Layne argued, as appellant does here, that because the alleged offense was a misdemeanor not committed in the officer's presence, the arrest was illegal. We rejected Layne's argument because the detention "was made for the purpose of determining whether criminal activity was afoot" and it would have been "poor police work" for an officer, with a report of criminal activity, to have failed to investigate the alleged crime. *Id.* at 26, 421 S.E.2d at 217.

Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.

*Alabama v. White*, 496 U.S. 325, 330 (1990).

Appellant's reliance on *Waugh v. Commonwealth*, 12 Va. App. 620, 405 S.E.2d 429 (1991), and *Beckner v. Commonwealth*, 15 Va. App. 533, 425 S.E.2d 530 (1993), is misplaced. In *Waugh*, there was no information that criminal activity was afoot. In *Beckner*, the sole information came from an anonymous tipster whose reliability was not established and no showing of a public danger was made.

When Davis was dispatched to the 7-Eleven store, he had been informed by police radio that a disturbance was occurring in the store by someone who apparently was intoxicated. Upon arrival at the scene of the reported disturbance, Davis observed appellant accelerate the speed of his car after exiting the parking lot and entering Route 58. At that time, the guard, whom Davis knew, informed Davis that appellant was the person who had created the disturbance and confirmed that appellant had been drinking. Based upon this information, Davis had reason to believe that appellant may have been guilty of some disorderly conduct and may have been driving while intoxicated, creating a danger to the public. The suspect was driving away and there was no time to procure a warrant. Viewing the totality of the evidence in the light most favorable to the Commonwealth, we find that Davis sufficiently articulated circumstances from which it reasonably could be inferred that appellant may have been guilty of disorderly conduct and being intoxicated in a public place, and further that he may be driving a motor vehicle on a public street while intoxicated. We therefore conclude that the record discloses that Davis possessed a particularized and objective basis for making an investigatory stop of appellant's automobile, and that the trial court did not err when it refused to suppress the evidence of appellant's intoxication and his driving after having been declared an habitual offender.

Because Davis observed appellant driving and lawfully discovered that he was intoxicated, the misdemeanor offense occurred in his presence and the arrest was lawful. In addition, because the stop was lawful, the evidence that appellant was driving after having been declared an habitual offender was properly admitted and supports his conviction for that offense.

For the reasons stated, the judgments of the trial court are affirmed.

*Affirmed.*

Barrow, J., and Bray, J., concurred.