COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Retired Judge Trabue[*]
Argued at Norfolk, Virginia

JOE BOOKER WORRELL, III

v.          Record No. 2569-93-1          MEMORANDUM OPINION[**]
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                  JUNE 6, 1995

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dennis F. McMurran, Judge

C. Gerard Thompson (Jackson & Thompson, P.C.,
on brief), for appellant.

Richard B. Smith, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on brief),
for appellee.


Joe Booker Worrell, III (appellant) appeals from his bench
trial conviction by the Circuit Court of the City of Portsmouth
(trial court) for possession of cocaine with intent to
distribute.  Appellant contends that the trial court erroneously
denied his motion to suppress evidence of cocaine found by the
police who stopped an automobile pursuant to information given by
an informant.  Finding no error, we affirm the judgment of the
trial court.

The record discloses that at about 4:45 p.m. on April 6,
1992, a "reliable" informant, who had provided information in the
past leading to arrests, called the Portsmouth Police Department

---

[*]Retired Judge Kenneth E. Trabue took part in the
consideration of this case by designation pursuant to Code
§ 17-116.01.

[**]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

on an anonymous tip line. The informant gave Sergeant Morrisette the following information: a tall black man who worked for the city was going to and from a gray Honda, Virginia license HQV-704, in the second parking lot on the left entry into the London Oaks complex, obtaining crack cocaine. The informant stated further that the cocaine was located in a compartment on the driver's side door, that the man was with two other black men named Tony and David, and that the men would be leaving soon.

Morrisette passed this information to Detective Snipes who proceeded toward the area described by the informant. Morrisette checked the license number and notified Snipes, who was heading toward the scene, that the car was registered to a Richard Rogers who worked for the city.

About fifteen minutes later, following the directions of the informant, Snipes found a Honda matching the informant's description at the exact place where the informant said it would be located. A black male, subsequently identified as appellant, was driving the car. Another man, later identified as Anthony Williams, had just gotten into the passenger seat.

Detective Snipes observed the Honda's back-up lights come on and blocked the vehicle with his squad car because it appeared that the Honda was starting to leave. Snipes approached appellant, who was driving the vehicle, and asked for his license and registration. A review of those items revealed that

appellant was not the owner of the Honda.[1]  Snipes then asked appellant to step out of the car.  When appellant did so, he tried to shut the door quickly, but Snipes "spotted what could have been narcotics" inside the door.  Snipes then retrieved from the door what was later confirmed to be crack cocaine.  Appellant was placed under arrest and searched.  Cash totaling $604 was found in appellant's front pants pocket.

On appeal, the burden is upon the appellant to show that the denial of the motion to suppress constitutes reversible error.  Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980).  In reviewing a trial court's ruling on a suppression motion, we consider the evidence in the light most favorable to the prevailing party below, and the decision will not be disturbed unless it is plainly wrong or without evidence to support it.  Lee v. Commonwealth, 18 Va. App. 235, 238, 443 S.E.2d 180, 181 (1994); Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  Our review of the evidence includes the testimony appearing in the record of both the suppression hearing and the trial.  Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994).

In order for a police officer to lawfully stop the occupants of an automobile, the officer must have a reasonable articulable suspicion that a crime has been or is about to be committed.

---

[1] A passenger, however, was named Anthony, a name frequently shortened to "Tony."

<u>Quigley v. Commonwealth</u>, 14 Va. App. 28, 32, 414 S.E.2d 851, 853-54 (1992). The level of suspicion required to make an investigatory stop is less demanding than is required to search or to arrest a person. <u>Bulatko v. Commonwealth</u>, 16 Va. App. 135, 136-37, 428 S.E.2d 306, 307 (1993). When the record discloses that information supplied by an informant has been sufficiently corroborated, reasonable suspicion may have been shown, and it is not necessary that every detail be corroborated. <u>Id.</u>, <u>see also</u> <u>Alabama v. White</u>, 496 U.S. 324 (1990).

While a "bright line rule" would be desirable in evaluating whether an investigative detention is unreasonable, common sense and ordinary human experience must govern over rigid criteria, <u>Limonja v. Commonwealth</u>, 8 Va. App. 532, 542, 383 S.E.2d 476, 482 (1989) (en banc), <u>cert. denied</u>, 495 U.S. 905 (1990), and the "totality of the circumstances--the whole picture" must be considered. <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989).

When the officers stopped the vehicle in which appellant was seated behind the steering wheel, they had corroborated that the vehicle was a gray Honda, bearing license plates HQV-704, located at the precise place the informant said it would be, owned by a city employee, and its occupants were two black men. The officers also knew that the informant had in the past proved reliable. The information given was that the vehicle would soon be leaving. Upon arrival, the police observed that the vehicle's back-up lights appeared to indicate that leaving was imminent.

- 4 -

We hold that the information received by the police was sufficiently corroborated for the police to continue their investigation, including the request for the driver to exit the vehicle.

When appellant opened the driver's side door to exit the vehicle, he quickly attempted to close the door where, in a compartment described by the informant, the cocaine was found. Detective Snipes testified he "spotted" what appeared to be cocaine as appellant seemed to be keeping it from his view while closing the door.

The Fourth Amendment does not forbid all searches and seizures, only those that are unreasonable. See Elkins v. United States, 364 U.S. 206, 222 (1960); Verez v. Commonwealth, 230 Va. 405, 410, 337 S.E.2d 749, 752 (1985). Thus, the test here is, viewing the totality of the circumstances, whether the discovery was unreasonably made. The reasonableness of a police officer's response to a given situation is a question of fact for the trial court and its ruling will not be disturbed on appeal absent clear and manifest error. State v. Fisher, 141 Ariz. 227, 238, 686 P.2d 750, 761 (1984). Here, the discovery was made in plain view when appellant exited the vehicle at the place where the informant said the cocaine would be found.

For the reasons stated, we find that the police had reasonable suspicion to believe that criminal activity was or had taken place at the point of appellant's arrest, and that it was

not constitutionally unreasonable to view the driver's door compartment where the cocaine was discovered as appellant was leaving the vehicle.  According, we cannot say that the trial court's evaluation and determination was plainly wrong or without evidence to support it, and we affirm its judgment.

Affirmed.