COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Willis and Senior Judge Hodges
 Argued at Alexandria, Virginia

DWIGHT ANTOINE BUSHNELL

v.      Record No. 1314-94-4          MEMORANDUM OPINION[*] BY
                                      JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                  OCTOBER 24, 1995

            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 Richard J. Jamborsky, Judge

        Jonathan Shapiro (Michael W. Lieberman; Jonathan
     Shapiro & Associates, P.C. on brief), for appellant.

        Marla Lynn Graff, Assistant Attorney General (James S.
        Gilmore, III, Attorney General, on brief), for
        appellee.


        Dwight Antoine Bushnell (appellant) was convicted of driving

after having been adjudicated an habitual offender.  On appeal,

appellant contends that the police officer who stopped his car

lacked probable cause or reasonable suspicion to do so, and that

the trial court erred in refusing to suppress evidence obtained

from the stop.  We disagree and affirm the judgment of the trial

court.

                                I.

        On March 17, 1993, after midnight, Fairfax County Police

Officer Michael Reser was traveling on Richmond Highway in

Fairfax County.  He saw appellant's Honda automobile.  Appellant

was driving and there was one passenger in the car.  Reser

checked the license tag number through the computer in his police

car.  He received the social security number of the car's

registered owner.  When Reser checked the social security number

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

in the computer, he learned that the car's registered owner had been adjudicated an habitual offender.

Reser also obtained a description of the registered owner, consisting of height, weight, age, and gender. With the assistance of his headlights, Reser could see into appellant's car. The driver appeared to match the description of the registered owner. Reser stopped the car, and upon confirming that appellant was the registered owner, arrested him for driving after having been adjudicated an habitual offender.

Appellant filed a motion to suppress alleging that the stop of his vehicle was constitutionally invalid because the officer lacked probable cause or reasonable suspicion. The trial court denied the motion, finding that the officer had reasonable suspicion, "based on the vehicle's registration to an habitual offender, and a similarity in height, weight, and age of the driver to the habitual offender."

## II.

On appeal, the burden is on the defendant to show that the trial court's denial of a suppression motion, "when the evidence is considered most favorably to the Commonwealth, constituted reversible error." Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980). "The trial court's ruling will be affirmed on appeal unless that decision is clearly erroneous." Hoye v. Commonwealth, 18 Va. App. 132, 134, 442 S.E.2d 404, 406 (1994).

"For evidence obtained as a result of a warrantless stop to be admissible, the officer who made the stop must articulate a

2

reasonable suspicion, based on objective facts, that the motorist is subject to lawful seizure." Lee v. Commonwealth, 18 Va. App. 235, 238, 443 S.E.2d 180, 181 (1994). In stating his reasons for the stop, "the officer must prove only that a reasonable suspicion exists that criminal activity may be afoot." Id. at 238, 443 S.E.2d at 182. The standard for reasonable suspicion "is less stringent than probable cause." Leeth v. Commonwealth, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982). See Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (en banc).

In Hoye, upon facts nearly identical to this case, this Court upheld the trial court's finding that the officer had articulated a reasonable suspicion for an investigatory stop. In Hoye, the officer believed that Hoye's license plate had expired, although actually it had not. The officer, upon checking the license plate number through the Department of Motor Vehicles data base in the computer in her police car, learned the social security number of the registered owner. Upon checking that number, the officer learned that the owner was an habitual offender. The officer also obtained a description of the owner which included age, gender, weight, height, hair color, and eye color. The officer testified that the driver appeared to be the same gender and approximate age, and to have the same weight and hair color as the owner. Upon those facts, she stopped Hoye's car. Hoye, 18 Va. App. at 133-34, 442 S.E.2d at 405-06.

Hoye controls our decision in this case. We hold that upon the facts in this case, the trial court did not err in finding

3

that Officer Reser had a reasonable suspicion, based on specific and articulated facts, that the driver of the vehicle was an habitual offender.  Accordingly, we affirm appellant's conviction.

<u>Affirmed</u>.