COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Overton and Bumgardner
Argued by teleconference

COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2111-97-3    JUDGE NELSON T. OVERTON
                                         MARCH 19, 1998
RONALD M. PACHECO

                FROM THE CIRCUIT COURT OF GILES COUNTY
                         Colin R. Gibb, Judge

            Jeffrey S. Shapiro, Assistant Attorney
            General (Richard Cullen, Attorney General;
            Steven A. Witmer, Assistant Attorney General,
            on brief), for appellant.

            Stephanie G. Cox for appellee.


     The Commonwealth of Virginia (appellant) appeals an order of

the Circuit Court of Giles County suppressing narcotics evidence

seized from Ronald Pacheco (appellee).  Appellant contends the

trial court erroneously suppressed the evidence because:  1)

appellee was not seized and 2) even if he was seized the police

had probable cause to support the seizure.  Because we find that

defendant was not seized but merely detained for purposes of a

brief investigatory search, we reverse and remand.

     The parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, no recitation of the facts is necessary.

     Appellant contends appellee was not seized for purposes of

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the Fourth Amendment to the United States Constitution.  There are three types of "police-citizen" encounters under the Fourth Amendment.  "'First, there are communications between police officers and citizens that are consensual and, therefore, do not implicate the Fourth Amendment.'  Second, are 'brief investigatory stops' based upon 'specific and articulable facts,' and third, are 'highly intrusive, full-scale arrests' based upon probable cause."  Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 869-70 (1992) (quoting Iglesias v. Commonwealth, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988)).  This third encounter occurs only when "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."  United States v. Mendenhall, 446 U.S. 544, 554 (1980).  Whether a person is free to leave, therefore, is an objective standard.  See Michigan v. Chesternut, 486 U.S. 567, 574 (1988).

"We adhere to the view that a person is seized only when, by means of physical force or a show of authority, his freedom of movement is restrained.  Only when such restraint is imposed is there any foundation whatever for invoking constitutional safeguards."  United States v. Martinez-Fuerte, 428 U.S. 543, 554 (1976)).  In the instant matter, appellee was not seized so as to require the police to show probable cause.

We believe the holding of the United States Supreme Court in Maryland v. Wilson, 117 S. Ct. 882 (1997), largely controls

disposition of this case.  In <u>Wilson</u>, a car was stopped for a traffic infraction and during a brief investigatory detention, drugs were found and the occupants of the vehicle arrested.  The passenger challenged his removal from the vehicle as an unreasonable seizure under the Fourth Amendment.  The Court balanced the danger to police officials during traffic stops against the minimal additional intrusion to the passenger and held that "an officer making a traffic stop may order passengers to get out of the car pending completion of the stop."  <u>Id.</u> at 886.

The instant matter is very similar.  The officer had already arrested the driver for driving with a suspended license and obtained his permission to search the vehicle.  Search of the vehicle had not been completed, however, because a police dog had not yet arrived.  In order to minimize the danger to the officers present, appellee was ordered to exit the vehicle, submit to a search of his person and remain outside of the vehicle until completion of the stop.  Appellee's attempt to re-enter the vehicle or leave with it was rightfully prohibited because police officials had not finished searching it.

Because this brief, non-intrusive detention was not a full seizure, we look to see whether there was reasonable suspicion to support the stop in the first place.  <u>See</u> <u>Logan v. Commonwealth</u>, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994).  Law enforcement officials must have a reasonable, articulable

suspicion to stop a vehicle and investigate whether the motorist is licensed, the vehicle is registered or there is some other violation of the law occurring. See Gilpin v. Commonwealth, 26 Va. App. 105, 110, 493 S.E.2d 393, 395 (1997). See also Delaware v. Proust, 440 U.S. 648, 663 (1979); Waugh v. Commonwealth, 12 Va. App. 620, 621, 405 S.E.2d 429, 429 (1991). This Court must review questions of reasonable suspicion and probable cause de novo, but questions of fact only for clear error. See McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 116 S. Ct. 1657, 1663 (1996)). "The detaining officer 'must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" Zimmerman v. Commonwealth, 234 Va. 609, 612, 363 S.E.2d 708, 709 (1988) (citations omitted).

The police initially pulled over appellee and his companion for erratic driving behavior. The rear seat of the vehicle contained women's clothes. Both appellee and his co-driver were male. They claimed that they were from New York and bound for Florida, yet the road upon which they traveled was not a direct thoroughfare between those locations. The excuse they offered for their detour through Narrows, Virginia was, while truthful, suspicious. Additionally, they could not prove that they were in rightful possession of the vehicle they drove. In these circumstances, we find the police had reasonable and articulable suspicion of criminal activity which justified the investigatory

- 4 -

detention.  The subsequent discovery of methamphetamine in the car and on appellee's person was proper and its suppression in the trial court unjustified.

Because we find that the trial court erred when it suppressed the evidence of appellee's drug possession, we reverse and remand for trial.

<u>Reversed and remanded.</u>