COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Agee


SCOTT ALLAN INGRAM S/K/A
 SCOTT ALLEN INGRAM

                                    MEMORANDUM OPINION* BY
v.    Record No. 2232-01-1            JUDGE G. STEVEN AGEE
                                         AUGUST 27, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    Westbrook J. Parker, Judge

            (Christopher P. Reagan, Assistant Public
            Defender; Office of the Public Defender, on
            brief), for appellant. Appellant submitting
            on brief.

            (Jerry W. Kilgore, Attorney General; Marla
            Graff Decker, Assistant Attorney General, on
            brief), for appellee. Appellee submitting on
            brief.


     Scott Allan Ingram (Ingram) was convicted, in a bench trial

in the Suffolk circuit court, of driving after being declared a

habitual offender, second or subsequent offense, in violation of

Code § 46.2-357.  He was sentenced to serve one year in jail.

On appeal, he contends the trial court erred by denying his

motion to suppress statements made by him after an unlawful

seizure.  For the following reasons, we disagree and affirm

Ingram's conviction.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.   BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

Suffolk Police Officer H.L. Kee observed a gray Honda CRX directly in front of his patrol car for approximately three-quarters of a mile before it pulled into a market, the same destination as the officer.  He saw the back of both the driver's and passenger's heads and noticed the driver had a ponytail.  Officer Kee pulled into a parking space on the side of the store and went into the store.

Once inside the store, Officer Kee looked out the glass storefront window and, for the first time, saw "two small children in the rear seat" of the Honda.  Because he believed the children were less than four years old, the officer went back outside and approached the car.  He noticed that Ingram, the individual he had just seen driving the car, was now seated in the front passenger seat.[1]

Upon approaching the car, Officer Kee did not see any child restraint seats in the car.  He approached the individual in the passenger seat, Ingram, as the driver he had seen earlier, and

---

[1] Officer Kee recognized Ingram as the driver he had previously observed by his ponytail.  The adult female who was traveling with Ingram was not wearing her hair in a ponytail.

-

asked to see Ingram's driver's license and registration. Ingram informed Officer Kee that he did not have a valid driver's license because it had been suspended. Officer Kee then inquired as to the ages of the children and why they were not secured in the seats.

Officer Kee ran a radio check to determine Ingram's driving status and confirmed that Ingram was a habitual offender. The officer then arrested Ingram for driving after being declared a habitual offender.

Ingram filed a motion to suppress all statements he made contending Officer Kee unlawfully seized him when he asked for his driver's license and vehicle registration. The trial court denied the motion to suppress.

## II.  ANALYSIS

Ingram argues on appeal that the trial court erred in denying his motion to suppress. His sole contention is that he was unlawfully seized when Office Kee approached him and asked for his driver's license. For the following reasons, we affirm the trial court's decision to deny the motion to suppress.

"At a hearing on a defendant's motion to suppress, the Commonwealth has the burden of proving that a warrantless search or seizure did not violate the defendant's Fourth Amendment rights." Reel v. Commonwealth, 31 Va. App. 262, 265, 522 S.E.2d 881, 882 (2000). "It[, however,] is well established that, on appeal, appellant carries the burden to show, considering the

-

evidence in the light most favorable to the Commonwealth, that the denial of a motion to suppress constitutes reversible error."  Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).  "Ultimate questions of reasonable suspicion and probable cause . . . involve questions of both law and fact and are reviewed de novo on appeal.  This Court is bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  Neal v. Commonwealth, 27 Va. App. 233, 237, 498 S.E.2d 422, 424 (1998) (citations omitted).

Interactions between the police and citizens fall into one of three categories:  (1) consensual encounters, (2) investigatory stops requiring reasonable suspicion, and (3) full arrests requiring probable cause.  Wechsler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995).  The Commonwealth argues the encounter between Ingram and Officer Kee was consensual, therefore, no seizure occurred.  Alternatively, the Commonwealth, citing United States v. Sokolow, 490 U.S. 1, 7 (1989), argues that the officer had ample "reasonable suspicion supported by articulable facts, that criminal activity may be afoot," which justified an investigatory stop of Ingram.

Assuming, without deciding, that Ingram was "seized" when the request for identification was made by Officer Kee, we

-

nonetheless find that any "seizure" was lawful as Officer Kee had a reasonable articulable suspicion that a crime might be afoot requiring his investigation into the matter.

> "If a police officer has reasonable, articulable suspicion that a person is engaging in, or is about to engage in criminal activity, the officer may detain the suspect to conduct a brief investigation without violating the person's Fourth Amendment protection against unreasonable searches and seizures."

Davis v. Commonwealth, 35 Va. App. 533, 538-39, 546 S.E.2d 252, 255 (2001) (quoting McGee v. Commonwealth, 25 Va. App. 193, 202, 487 S.E.2d 259, 263 (1997) (en banc)).

"'A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at that time.'" Lee v. Commonwealth, 18 Va. App. 235, 239, 443 S.E.2d 180, 182 (1994) (quoting Adams v. Williams, 407 U.S. 143, 145-46 (1972)). In the case at bar, it was apparent to the officer that Ingram and his companion were responsible for the two small children with them. Once Officer Kee saw the two small children in the back seat of the car only moments after it had parked in the lot, he became concerned that the children, who appeared to be younger than four years of age, had been, and would be, transported without the requisite child restraint device for each child, in violation of Code § 46.2-1095. Under these circumstances,

-

Officer Kee's detention of Ingram to determine the ages of the children was validly made for investigatory purposes and supported by a reasonable articulable suspicion.

Ingram, however, argues that once he provided the officer with the children's ages, ages four and six, the officer was no longer permitted to detain him. We disagree. First, Officer Kee was not required to believe Ingram's statement that the children were ages four and six if they looked otherwise. See generally, Lowe v. Commonwealth, 33 Va. App. 656, 662-63, 536 S.E.2d 454, 457-58 (2000). Second, as found by the trial court, prior to Ingram's response regarding the children's ages he informed the officer that he did not have a valid driver's license because his had been suspended. Since Officer Kee witnessed Ingram driving only moments before, the officer now, with this statement by Ingram, had a reasonable articulable suspicion that another offense may have just been committed in his presence. This reasonable suspicion authorized Officer Kee to continue the detention in order to investigate Ingram's driving status. See Hodnett v. Commonwealth, 32 Va. App. 684, 530 S.E.2d 433 (2000).

For these reasons, we would find the investigatory detention of Ingram to be supported by a reasonable articulable suspicion and permitted under the Fourth Amendment.

-

Accordingly, we affirm the trial court's decision to deny the motion to suppress and affirm the judgment of the trial court.

Affirmed.