**Alexandria**

RICHARD ALLEN HOYE

v.

COMMONWEALTH OF VIRGINIA

No. 1345-92-4

Decided March 29, 1994

COUNSEL

Brian D. West (Irve Charles Le Moyne, Jr.; Sandground, Barondess & West, P.C., on briefs), for appellant.

Marla Lynn Graff, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**MOON, C.J.**—Richard Allen Hoye was convicted of driving after having been adjudicated an habitual offender. Hoye argues that the police officer had no legitimate reason for making an investigatory stop of his vehicle and that the trial court erred in refusing to suppress evidence obtained from the stop. Because the evidence supports a finding that the stop was based upon a reasonable suspicion derived from articulable facts, we affirm Hoye's conviction.

On April 2, 1992, around 9:00 a.m., Fairfax County Police Officer Jennifer Otwell saw a vehicle which appeared to have an expired license plate. She then checked the license plate number through the Division of Motor Vehicles (D.M.V.) data base on the computer in her police car. The computer returned information that the vehicle was a "1986 Isuzu Jeep," and gave the Social Security number of its registered owner, Richard Allen Hoye. The license plate had not expired. However, Officer Otwell checked Hoye's Social Security number on the D.M.V. data base and

learned that he was an habitual offender.

The computer also provided Officer Otwell with Hoye's birth date, sex, weight, height, eye color and hair color. Officer Otwell, who was less than a car's length behind the Jeep, testified that the man driving the vehicle matched the D.M.V. description. He appeared to be the same gender and approximate age, and to have the same weight, and hair color as the description provided by the D.M.V. Based on this information, she stopped the vehicle and found that Hoye was driving.

■ On appeal, Hoye has the burden, when viewing the evidence in the light most favorable to the Commonwealth, to prove that the trial court's denial of the motion to suppress constituted reversible error. *Fore v. Commonwealth*, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, *cert. denied*, 449 U.S. 1017 (1980). The trial court's ruling will be affirmed on appeal unless that decision is clearly erroneous. *Stamper v. Commonwealth*, 220 Va. 260, 268, 257 S.E.2d 808, 814 (1979), *cert. denied*, 445 U.S. 972 (1980).

■ It is uncontroverted that when Officer Otwell pulled Hoye's vehicle over and inquired about his identity, he was "seized" for the purposes of the Fourth Amendment. *See Zimmerman v. Commonwealth*, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988). However, "the meaning of the Fourth Amendment, the governmental interest in investigating an officer's reasonable suspicion, based on specific and articulable facts, may outweigh the Fourth Amendment interest of the driver and passengers in remaining secure from the intrusion." *United States v. Hensley*, 469 U.S. 221, 226 (1985).

■ "A police officer may stop a motor vehicle, without probable cause, for investigatory purposes if [the officer] possesses a reasonable and articulable suspicion 'that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law.' " *Bulatko v. Commonwealth*, 16 Va. App. 135, 136-37, 428 S.E.2d 306, 307 (1993) (quoting *Waugh v. Commonwealth*, 12 Va. App. 620, 621-22, 405 S.E.2d 429, 429 (1991)). Although the Commonwealth has the burden of proving that such an investigatory stop is lawful, the level of suspicion required for an investigatory stop is less demanding than the standard of probable cause. *Id.* There are no bright line rules to follow when determining

whether a reasonable and articulable suspicion exists to justify an investigatory stop. Instead, courts must consider "the totality of the circumstances—the whole picture." *United States v. Sokolow*, 490 U.S. 1, 8 (1989). "[I]n evaluating whether an investigative detention is unreasonable, common sense and ordinary human experience must govern over rigid criteria." *United States v. Sharpe*, 470 U.S. 675, 685 (1985).

The trial judge found that Officer Otwell reasonably concluded that the vehicle's driver matched the D.M.V. description of the registered owner as to gender and approximate height, weight, and hair color. The court also noted that everything Officer Otwell could have observed about Hoye matched the description of the registered owner. We hold upon these facts that the trial court did not err in finding Officer Otwell had a reasonable suspicion based upon specific and articulable facts that the driver of the vehicle was an habitual offender. Accordingly, we hold that the stop did not violate the Fourth Amendment and affirm Hoye's conviction.

*Affirmed.*

Fitzpatrick, J., and Duff, S.J., concurred.