COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


ROBERT A. WORLEY

v.          Record No. 1913-94-2          MEMORANDUM OPINION[*]
                                          BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                       JANUARY 30, 1996


                FROM THE CIRCUIT COURT OF HANOVER COUNTY
                      Richard H. C. Taylor, Judge

           Bruce P. Ganey, (Ganey & Laibstain, P.C., on
           briefs), for appellant.

           Marla Graff Decker, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     Robert A. Worley appeals his convictions for transportation

of cocaine with intent to distribute, conspiracy to distribute

cocaine, possession of cocaine with intent to distribute,

possession of cocaine while in possession of a firearm, and

driving on a suspended operator's license.  Worley contends that

the trial court erred by overruling his motion to suppress the

drugs seized from his vehicle and by ruling the stop to be legal.

 We hold that there was no reasonable suspicion to conduct a

Terry stop and that, therefore, the trial court should have

sustained the motion to suppress and held the stop to be illegal.

     The defendant was "seized" for the purposes of the Fourth

---

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Amendment when Deputy Sheriff McGrain stopped the defendant's truck. Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988). An investigatory Terry stop does not violate the Fourth Amendment when the officer possesses an "articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law." Delaware v. Prouse, 440 U.S. 648, 663 (1979). Although Deputy McGrain determined that the owner of the truck had a suspended license, he did not determine whether the driver was the owner before stopping the truck. See id. at 661 (stating that there must be an "articulable basis amounting to reasonable suspicion that the driver is unlicensed") (emphasis added).

In Hoye v. Commonwealth, 18 Va. App. 132, 133-34, 442 S.E.2d 404, 405-06 (1994), a police officer stopped a vehicle after determining that the registered owner was a habitual offender. We held that the officer had reasonable and articulable suspicion because she obtained a description of the owner from the Department of Motor Vehicles (DMV) records and confirmed "that the vehicle's driver matched the description of the registered owner as to gender and approximate height, weight, and hair color." Id. at 135, 442 S.E.2d at 406.

The record in the present case does not show that Deputy McGrain obtained a description of the truck's owner when he checked the DMV records. In fact, Deputy McGrain testified that

he did not know whether the defendant was the owner when he stopped the truck. Although <u>Hoye</u> does not require the police to verify every detail of the description of a suspended license a police officer must possess some articulable fact or facts to support the inference that the driver is the owner of the vehicle. Deputy McGrain had no reason and articulated no basis to suspect that the driver of the truck was the owner whose license was suspended, and therefore, Deputy McGrain's stop was based solely upon a hunch.[1] <u>See</u> <u>Beckner v. Commonwealth</u>, 15 Va. App. 533, 537, 425 S.E.2d 530, 533 (1993) (holding that the facts the police rely on must amount to more than a "hunch").

Admittedly, because automobiles "are subjected to pervasive and continuing governmental regulation and controls, including periodic inspection and licensing requirements," an individual's expectation of privacy in his automobile is greatly diminished.

---

[1] Deputy McGrain testified that he initially became suspicious of the defendant and his companion because "[t]hey were . . . wandering up and down the aisles" of the 7-Eleven store. However, the Deputy did not indicate that he stopped the truck for any reason other than to investigate whether the defendant was the owner and was operating the truck with a suspended license. Accordingly, we do not decide whether the Deputy's observations may have created reasonable suspicion that the defendant and his companion were "casing" the store.

South Dakota v. Opperman, 428 U.S. 364, 368 (1976). Nonetheless, to hold that a police officer has a reasonable suspicion to conduct a Terry stop where the officer has determined only that the vehicle's owner has a suspended operator's license would justify the indiscriminate stop of every vehicle owned by an individual with a suspended license. The Fourth Amendment does not countenance such an intrusive violation of privacy. See Delaware v. Prouse, 440 U.S. at 662 ("An individual operating or traveling in an automobile does not lose all reasonable expectation of privacy simply because the automobile and its use are subject to government regulation.") Therefore, we hold that the officer in this case did not possess reasonable suspicion to conduct a Terry stop and that the trial court erred by overruling the motion to suppress and by ruling the stop to be legal. The defendant's convictions are reversed and the case is remanded for further proceedings if the Commonwealth be so advised.

Reversed and remanded.