COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


KRAIG NOVELL SAVAGE

                                     MEMORANDUM OPINION[*] BY
v.    Record No. 0799-02-1           JUDGE NELSON T. OVERTON
                                          APRIL 1, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
                        Glen A. Tyler, Judge

              Lynwood W. Lewis, Jr. (Vincent, Northam &
              Lewis, on brief), for appellant.

              Eugene Murphy, Assistant Attorney General
              (Jerry W. Kilgore, Attorney General, on
              brief), for appellee.


     Kraig Novell Savage appeals his bench trial convictions for

possession of cocaine with the intent to distribute, possession

of a firearm while in possession of a controlled substance and

possession of marijuana.  He argues that the trial court erred by

denying his motion to suppress evidence obtained during a stop and

search of his vehicle.  He contends the police (1) lacked a

reasonable suspicion of criminal activity to support the stop, (2)

lacked probable cause to search his person, (3) lacked probable

cause to search his vehicle, and (4) questioned him before

_____

       * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

advising him of his Miranda rights.  For the reasons that follow,
we disagree and affirm his convictions.

BACKGROUND

"In reviewing a trial court's denial of a motion to
suppress, 'the burden is upon the defendant to show that the
ruling, when the evidence is considered most favorably to the
Commonwealth, constituted reversible error.'"  McGee v.
Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997)
(en banc) (citation omitted).  "[W]e review de novo the trial
court's application of defined legal standards such as probable
cause and reasonable suspicion to the particular facts of the
case."  Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d
357, 359 (1999) (citation omitted).  "In performing such
analysis, we are bound by the trial court's findings of
historical fact unless 'plainly wrong' or without evidence to
support them and we give due weight to the inferences drawn from
those facts by resident judges and local law enforcement
officers."  McGee, 25 Va. App. at 198, 487 S.E.2d at 261
(quoting Ornelas v. United States, 517 U.S. 690, 699 (1996)).

Officer W.W. Talbert stopped Savage's car on January 20,
2001.  Talbert testified he stopped the vehicle because it did
not have a front license plate.  Talbert approached the car and
asked for Savage's license and registration.  He testified he
immediately detected a strong odor of burnt marijuana as Savage

-

fumbled for his license.  Talbert asked Savage to sit in his car while he checked Savage's information.  Savage suddenly lurched forward, reached around to the side, and quickly put something under the seat.  Talbert stated the object was the size of Savage's hand and was black.  The officer explained he only caught a glimpse of the object and became concerned for his safety.  He again asked Savage to step out of the vehicle.  Savage complied.  He produced only a handwritten registration for the car and gave the officer his license number.  Talbert called for assistance and checked the number.  Talbert continued to smell the odor of marijuana emanating from Savage's person.  The officer searched Savage and retrieved from Savage's coat pocket small bags containing what appeared to be marijuana and cocaine.  Talbert handcuffed Savage and read him his Miranda rights.  Talbert searched the car and found a gun in the area where he had seen Savage place the object.

## The Stop

Savage argues the initial stop was not supported by a reasonable suspicion of criminal activity.

> Under well established Fourth Amendment
> principles, "[t]he police can stop and
> briefly detain a person for investigative
> purposes if the officer has a reasonable
> suspicion supported by articulable facts
> that criminal activity 'may be afoot.'"
> United States v. Sokolow, 490 U.S. 1, 7, 109
> S. Ct. 1581, 1585, 104 L. Ed. 2d 1 (1989)
> (quoting Terry v. Ohio, 392 U.S. 1, 30, 88

-

S. Ct. 1868, 1884, 20 L. Ed. 2d 889 (1968)).
"Actual proof that criminal activity is
afoot is not necessary . . . ." Harmon v.
Commonwealth, 15 Va. App. 440, 444, 425
S.E.2d 77, 79 (1992). A police officer may
conduct an investigatory stop of a motor
vehicle if he has at least "articulable and
reasonable suspicion" that the operator is
unlicensed, the vehicle is unregistered, or
the vehicle or an occupant is otherwise
subject to seizure for violating the law.
See Murphy v. Commonwealth, 9 Va. App. 139,
143, 384 S.E.2d 125, 127 (1989) (citing
Delaware v. Prouse, 440 U.S. 648, 663, 99
S. Ct. 1391, 1401, 59 L. Ed. 2d 660 (1979)).
"There are no bright line rules to follow
when determining whether a reasonable and
articulable suspicion exists to justify an
investigatory stop. Instead, the courts
must consider 'the totality of the
circumstances--the whole picture.'" Hoye v.
Commonwealth, 18 Va. App. 132, 135, 442
S.E.2d 404, 406 (1994) (quoting Sokolow, 490
U.S. at 8, 109 S. Ct. at 1585).

Reel v. Commonwealth, 31 Va. App. 262, 265-66, 522 S.E.2d 881,

882-83 (2000). Talbert testified he stopped Savage because the

vehicle did not have a front license plate. In pertinent part,

Code § 46.2-715 provides that "[l]icense plates assigned to a

motor vehicle . . . shall be attached to the front and the rear

of the vehicle." Savage contends that temporary plates issued

by dealerships are exempt from this provision and, therefore,

Talbert did not possess an "articulable and reasonable

suspicion" that Savage's vehicle was not in compliance with the

law. However, Savage provides no support for this contention.

The trial court did not err by determining Talbert reasonably

-

suspected Savage was operating his vehicle in violation of Code § 46.2-715 and that the officer lawfully stopped Savage.

## Search of Savage's Person

Savage contends Talbert lacked probable cause to search his person.

Before searching Savage, Talbert needed probable cause to believe Savage had committed a criminal offense or was in the process of committing one. Parker v. Commonwealth, 255 Va. 96, 106, 496 S.E.2d 47, 53 (1998). "'[P]robable cause exists when the facts and circumstances within the officer's knowledge . . . alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.'" Id. (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981)). At the time of the search, Talbert had detected a strong odor of marijuana coming from Savage's car as well as emanating from his person. He observed Savage furtively stash a black object beneath the seat, fumble suspiciously through his belongings looking for his license, and fail to produce any identification. The odor of marijuana, coupled with his previous observations, provided Talbert probable cause to search Savage.

## Vehicle Search

Savage argues the officer lacked a reasonable suspicion or probable cause to continue Savage's seizure and that the

-

evidence the officer subsequently obtained from the vehicle should have been suppressed.

"Reasonableness is judged from the perspective of a reasonable officer on the scene allowing for the need of split-second decisions and without regard to the officer's intent or motivation."  Scott v. Commonwealth, 20 Va. App. 725, 727, 460 S.E.2d 610, 612 (1995).  "An officer is entitled to view the circumstances confronting him in light of his training and experience, and he may consider any suspicious conduct of the suspected person."  James v. Commonwealth, 22 Va. App. 740, 745, 473 S.E.2d 90, 92 (1996) (citation omitted).  The officer acted reasonably in detaining Savage.

Talbert smelled the odor of burnt marijuana when he approached Savage's vehicle.  He also observed Savage hide an object beneath the front seat.  Under the circumstances, Talbert lawfully stopped Savage and he reasonably held Savage while he investigated the source of the odor and Savage's suspicious behavior.

### Miranda

Savage argues the trial court erred by failing to suppress a statement to Talbert.  He contends Talbert asked him what he had in his car before the officer read him his Miranda rights.

"Failure to give Miranda warnings prior to custodial interrogation requires suppression of any illegally obtained

-

statements." Blain v. Commonwealth, 7 Va. App. 10, 13, 371 S.E.2d 838, 840 (1988). We need not decide whether Savage was in custody at the time of his statement. Talbert testified he advised Savage of his Miranda rights as he handcuffed Savage. He denied asking Savage what was in the car and stated he looked beneath the seat where he had earlier seen Savage hide the object. Talbert located the gun under the car's front seat.

The trial court believed the officer and rejected Savage's testimony. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trial court did not err by denying Savage's motion to suppress the evidence.

For these reasons, we affirm the convictions.

                                              Affirmed.

                              -