## Alexandria

ALONZO POTTS MILLER

v.

COMMONWEALTH OF VIRGINIA

No. 0216-92-4

Decided August 31, 1993

COUNSEL

Sean J. Coleman, for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BRAY, J.**—Alonzo Potts Miller (defendant) was convicted of attempted breaking and entering and sentenced to six months in jail. Defendant argues on appeal that the trial court erroneously (1) overruled his motion to suppress evidence obtained during an impermissible roadside stop, (2) considered evidence relating to stolen temporary license plates, and (3) convicted him without sufficient evidence and in violation of Code § 19.2-286. We disagree and affirm the conviction.

■ "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury . . . will not be set aside unless . . . plainly wrong or without evidence to support it." *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citations omitted). Similarly, when reviewing the ruling on a suppression motion, we consider the evidence most favorably to "the prevailing party below," according a like deference to the decision of the trial court, with the burden to show reversible error resting upon the appellant, defendant in this instance. *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991); *Reynolds v. Commonwealth*, 9 Va. App. 430, 436, 388 S.E.2d 659, 663 (1990).

The evidence disclosed that at approximately 1:20 a.m., on October 7, 1992, Fairfax County Police received a report that a silent alarm had activated at a local automobile dealership. The first police officer arrived at the dealership "a minute later" and "found a door . . . broken out with a rock." However, no one was observed on or about the premises.

Officer Mitchell (Mitchell), then on routine patrol in the immediate area, monitored the report and also "responded." He recalled a recent departmental memorandum that described several black males, from either Maryland or the District of Columbia, suspected of involvement in recent auto thefts and positioned himself on a street behind the dealership, a "possible escape route" to Maryland or D.C.

After several minutes, Mitchell observed a vehicle, bearing Maryland license plates and containing five black men, slowly approaching him. He followed this vehicle for a short distance and effected a "traffic stop." Defendant was the operator. Mitchell spoke with him, he consented to a search and four stolen temporary license plates were discovered in the vehicle. Defendant was arrested and subsequently admitted participation in a plan to steal cars from the dealership.

■ Defendant first argues that he was wrongfully detained by Mitchell without the reasonable suspicion required under *Terry v. Ohio*, 392 U.S. 1 (1968). "[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, together with rational inferences . . . , reasonably warrant that intrusion." *Id.* at 21-22 (footnote omitted). Suspicion of a "particular

crime" is not necessary "to justify" a *Terry* stop, provided "the officer can, based on the circumstances before him at the time, articulate a reasonable basis" for a "general suspicion of some criminal activity." *Hatcher v. Commonwealth*, 14 Va. App. 487, 490, 419 S.E.2d 256, 258 (1992); *Wells v. Commonwealth*, 6 Va. App. 541, 551, 371 S.E.2d 19, 24 (1988).

■ This Court has recognized numerous circumstances supportive of a "reasonable, articulable suspicion" that criminal activity is "afoot," including the " 'characteristics of the area' where the stop occurs, the time of the stop, . . . suspicious conduct of the person," *Smith v. Commonwealth*, 12 Va. App. 1100, 1103, 407 S.E.2d 49, 51-52 (1991) (citations omitted), "[p]roximity to the scene of a recently committed crime" and "racial identity." *Wells*, 6 Va. App. at 552, 371 S.E.2d at 25; *Lowery v. Commonwealth*, 9 Va. App. 314, 317 n.1, 388 S.E.2d 265, 267 n.1 (1990).

Mitchell testified that he initially stopped the vehicle only minutes after detection of criminal activity at the dealership, because it (1) carried Maryland license plates, (2) contained five black men, (3) was traveling substantially below the posted speed limit and (4) was the only non-law enforcement vehicle in the area. Much of this information, including racial identity, was consistent with the memorandum previously reviewed by the officer. We find the "totality of these circumstances — the whole picture —" provided a "particularized and objective basis for suspecting" defendant of "criminal activity" and justified the investigatory stop. *United States v. Cortez*, 449 U.S. 411, 417-18 (1981).

■ Defendant further contends, however, that the detention, even if lawful at inception, became improperly protracted under *Terry*. *See United States v. Place*, 462 U.S. 696 (1983). " 'In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant.' " *Burgess v. Commonwealth*, 14 Va. App. 1018, 1022, 421 S.E.2d 664, 666 (1992) (quoting *United States v. Sharpe*, 470 U.S. 675, 686 (1985)).

Mitchell estimated that the roadside stop lasted "at most an hour," during which time the officer conversed with defendant, conducted a consensual search of the vehicle and discovered the license plates, the

status of which was not then ascertained because "the [computer] system was down." Defendant subsequently agreed to drive his vehicle "to the station . . . to talk to an investigator," where he was arrested after determination that the "plates were stolen." The police pursued the investigation responsibly, largely with defendant's cooperation and agreement, and the trial court's finding that the detention was of reasonable duration was neither plainly wrong nor without evidence to support it. *Id.* at 1023, 421 S.E.2d at 667.

■ Defendant's assertion that the stop violated Code § 19.2-83 is also without merit. We recognize that the requirements for an investigative stop may be more stringent under Code § 19.2-83 than *Terry*. *Simmons v. Commonwealth*, 217 Va. 552, 231 S.E.2d 218 (1977). However, "the exclusion of evidence is not required where a statutory requirement is violated but, . . . the Fourth Amendment is not." *Hatcher*, 14 Va. App. at 493, 419 S.E.2d at 260 (citing *Thompson v. Commonwealth*, 10 Va. App. 117, 122, 390 S.E.2d 198, 201 (1990)). Therefore, because no infringement of defendant's fourth amendment rights occurred in this instance, the evidence obtained as a result of the stop was not subject to the exclusionary rule, irrespective of Code § 19.2-83.[1]

■ Defendant next argues that evidence of the license plates discovered in the automobile was more prejudicial than probative and, thus, inadmissible at trial. However, "[w]here a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence 'sanitized' so as to deny the jury knowledge of all but the immediate crime for which he is on trial." *Scott v. Commonwealth*, 228 Va. 519, 526, 323 S.E.2d 572, 577 (1984). "[T]he trial court is . . . required to employ a balancing test to determine whether the prejudicial effect of the evidence sought to be admitted is greater than its probative value. This responsibility is a matter submitted to the sound discretion of the trial court, and will not be disturbed on appeal absent a clear abuse of discretion." *Wise v. Commonwealth*, 6 Va. App. 178, 188, 367 S.E.2d 197, 203 (1988) (citing *Clozza v. Commonwealth*, 228 Va. 124, 135, 321 S.E.2d 273, 280 (1984), *cert. denied*, 469 U.S. 1230 (1985)).

The presence of the stolen plates in the automobile was probative of defendant's involvement in a plan to burglarize the dealership and steal cars and consistent with his confession to police. *See Wise*, 6 Va.

---

[1] We do not decide that the detention was violative of Code § 19.2-83.

App. at 188, 367 S.E.2d at 203 ("The test establishing relevance is . . . whether the proposed evidence . . . has any tendency to establish a fact at issue"). Under such circumstances, the plates were properly admitted into evidence.

Defendant next challenges the sufficiency of the evidence. He asserts that proximity to the crime scene ten minutes after the alarm report to police does not support an inference that he was nearby during actual commission of the crime. However, it is reasonable to infer that no appreciable delay occurred between the time the alarm was activated at the dealership and the notification to police. Therefore, the evidence placed defendant in the area of the offense within minutes of its occurrence.

He also contends that the evidence is not strengthened by his "confessions," which he dismisses as uncorroborated and attributes to a fear of police. These considerations were properly before the trial judge and affected "the credibility, weight, and value" of the evidence, all questions "for the trier of fact after a confession has been admitted." *Jefferson v. Commonwealth*, 6 Va. App. 421, 425, 369 S.E.2d 212, 214 (1988) (citations omitted). A review of this record clearly discloses evidence "sufficient, taken with the evidence of the confession, to establish the commission of the crime beyond a reasonable doubt." *Id.* at 424, 369 S.E.2d at 214.

Lastly, defendant contends that the trial court erred in finding him guilty of an attempted offense on an indictment that charged the completed crime because Code § 19.2-286 confers such authority only upon a jury. Defendant overlooks Code § 19.2-257 which vests the trial judge with the same "powers, privileges and duties given to juries by any statute relating to crimes and punishments."

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Fitzpatrick, J., concurred.