## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Dwight A. Bushnell

November 22, 1993

Case No. (Criminal) 80916

BY JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on Defendant's Motion to Suppress. For the reasons set forth below, the Court denies the Defendant's Motion to Suppress.

Defendant argues that he was unconstitutionally seized within the meaning of the Fourth Amendment without the reasonable and articulable suspicion of criminal activity defined in *Terry v. Ohio*, 392 U.S. 1 (1968).

In the case at bar, the police officer was randomly running license plates through computer checks. A check of the license plates of the vehicle driven by the defendant, with a passenger, revealed that the vehicle was registered to a driver whose license was suspended and was an habitual offender. The officer further testified that he was informed of the height, weight, and age of the registered owner by computer and the description appeared to be consistent with the driver. At this point the officer made an investigatory traffic stop. After confirming that the driver was in fact the registered owner of the vehicle, the officer effected an arrest for the crime of driving on a revoked operator's license after having been held a habitual offender. *See* Va. Code Ann. § 46.2–357.

In *Terry v. Ohio*, the Supreme Court set forth the principle that, "in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, together with rational inferences . . . reasonably warrant that intrusion." 392 U.S. 1, 21–22

(1968). The primary legal question in the instant case is whether the objective facts available to the officer constituted the basis for a reasonable and articulable suspicion of criminal activity.

The Court of Appeals of Virginia has recently examined what constitutes reasonable articulable suspicion in *Miller v. Commonwealth of Virginia*, 16 Va. App. 977 (1993). In *Miller*, the officer responded to a report of criminal activity at a car dealership and "recalled a departmental memorandum that described several black males, from either Maryland or the District of Columbia, suspected of involvement in recent auto thefts." *Id.* at 979. The officer made a *Terry* stop of a vehicle because it had Maryland plates, contained five black men, was traveling in the area of criminal activity, was the only non-law enforcement vehicle in the area, and was traveling substantially below the speed limit. *Id.* at 979. The Court of Appeals noted the consistency of the facts with the memorandum and stated that "[w]e find the 'totality of these circumstances — the whole picture —' provided a 'particularized and objective basis for suspecting' defendant of 'criminal activity' and justified the investigatory stop." *Id.* at 980 (citing *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)).

The Court of Appeals of Virginia also concluded that a *Terry* stop was warranted in *Bulatko v. Commonwealth*, which presented facts similar to the ones in the instant case. 16 Va. App. 135 (1993). In *Bulatko*, the officer received an anonymous tip stating the defendant's name, that he had no driver's license, and he was driving a Dodge automobile of a certain color with a specific license plate number. *Id.* The officer corroborated the information and independently "confirmed through a records check that defendant was an habitual offender." *Id.* The Court of Appeals decided the "anonymous information provided [the officer] . . . a reason to suspect that the defendant was operating the identified vehicle." *Id.*

The instant case differs from *Bulatko* in that there is no informant to suggest that the driver was the registered owner. And, unlike *Miller*, there was no proximity to a recent crime or report of criminal activity. *See also Wells v. Commonwealth*, 6 Va. App. 541, 552 (1988). The reasonable suspicion of the officer was based on the vehicle's registration to an habitual offender, and a similarity in height, weight, and age of the driver to the habitual offender.

The Commonwealth argues that the reasonable inference from the apparent facts would be that the driver is in fact the registered owner.

A competing inference is that citizens obey the law and that the vehicle was driven by a driver with a valid license. While it is a close question, the Court concludes that there was a sufficient objective fact to base a reasonable and articulable suspicion and warrant a *Terry* stop.

The Court finds that the seizure in this case was pursuant to specific facts sufficient to reasonably warrant the intrusion of a *Terry* stop. Because the stop did not violate the Fourth Amendment, Defendant's Motion to Suppress is denied.