*536 CLEMENTS, Judge.
John Herbert Davis was convicted in a bench trial of driving on a suspended operator’s license.[1] On appeal, he contends the trial court erred in denying his motion to suppress evidence from a traffic stop that his driver’s license was suspended. Finding no error, we affirm the judgment of the trial court.
BACKGROUND
On February 22, 1999, Sergeant R.K. Moore received a dispatch to a fight in progress in the Pinewood subdivision in the Town of Smithfield in Isle of Wight County. Moore could not recall the address to which he was dispatched; however, it was not the same street or address where he later encountered Davis. The officer had no description of the suspect.
While en route to the scene of the fight, Officer Moore received a radio transmission from another officer who was already on the scene. The other officer told Moore that the suspect was running toward Pinewood Drive, but, again, Moore was given no description of the suspect.
When Officer Moore arrived at Pinewood Drive, which was in the same subdivision where the fight occurred, he saw a vehicle rapidly backing out of a driveway. Davis was the operator of that vehicle. Based on the information given to him by dispatch and by the officer on the scene of the fight, Moore stopped Davis’s vehicle to determine if Davis had been engaged in the fight. Moore held Davis only long enough to determine if he was the suspect in the fight and if he was wanted for any other offenses. Moore ran a check on Davis’s driver’s license and determined that it was suspended. Officer Moore also determined that Davis was not the suspect in *537 the fight and was not wanted for any other offenses. Moore then released Davis and told him not to drive because his driver’s license was suspended.
Later that day, Officer Moore saw Davis driving. Based on the information he had obtained in the first stop — that Davis’s license was suspended — Moore stopped Davis and arrested him for driving on a suspended license.
ANALYSIS
Davis contends Officer Moore did not have a reasonable, articulable suspicion to stop him on Pinewood Drive. Therefore, he contends, the information that his driver’s license was suspended was unlawfully obtained in violation of his Fourth Amendment rights. He further argues that the second stop was unlawful because it was solely based on the fruits of the first illegal stop. Thus, he concludes, the trial court erred when denying his motion to suppress.
The Commonwealth first contends Davis’s arguments are procedurally barred because the record, an agreed statement of facts, does not show what evidence from each stop was admitted at trial. We disagree with the Commonwealth and find that Davis’s arguments are not procedurally barred.
Our review of an appeal is restricted to the record. Turner v. Commonwealth, 2 Va.App. 96, 99, 341 S.E.2d 400, 401 (1986). Davis has the burden to preserve an adequate record on appeal to allow us to consider the propriety of the trial court’s actions. See Smith v. Commonwealth, 16 Va.App. 630, 635, 432 S.E.2d 2, 6 (1993).
Here, the agreed statement of facts reads, in pertinent part, as follows:
Based on the information received from the dispatch and the first officer on the scene, the officer conducted a traffic stop on the Appellant’s vehicle to determine if he had been engaged in the fight.... When it was determined that the Appellant was not the suspect and was not wanted he was released and instructed not to drive due the [sic] to the fact *538 that the Appellant’s driver’s license was checked and determined that he was suspended. The Appellant moved to suppress the evidence that was obtained as a result of the stop and the second stop. Appellant maintained that the second stop was based on the fruits of the first stop, which was unconstitutional.
Despite its lack of precision, we are able to determine from the agreed statement of facts the evidence from the first traffic stop that Davis sought to have suppressed at trial, namely, the discovery by Officer Moore that Davis’s license was suspended. The statement of facts also reveals that Davis sought to have all evidence of the second stop excluded at trial because that stop was conducted based on evidence that, according to Davis, was illegally obtained during the first stop. Accordingly, we find that the record sufficiently identifies the evidence that Davis claims was improperly admitted at trial.
“In reviewing a trial court’s denial of a motion to suppress, ‘the burden is upon [the defendant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.’ ” McGee v. Commonwealth, 25 Va.App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (alteration in original) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). While we are bound to review de novo the ultimate questions of reasonable suspicion and probable cause, we “review findings of historical fact only for clear error[2] and ... give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.” Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996) (footnote added).
“If a police officer has reasonable, articulable suspicion that a person is engaging in, or is about to engage in *539 criminal activity, the officer may detain the suspect to conduct a brief investigation without violating the person’s Fourth Amendment protection against unreasonable searches and seizures.” McGee, 25 Va.App. at 202, 487 S.E.2d at 263 (citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). An investigatory stop under Terry anticipates that some innocent people may be stopped. See Illinois v. Wardlow, 528 U.S. 119, 126, 120 S.Ct. 673, 677, 145 L.Ed.2d 570 (2000). Nevertheless, it is a lawful stop designed to permit an officer with reasonable suspicion of criminal activity to quickly confirm or dispel that suspicion. Id. An innocent person will be detained only briefly and then will be permitted to go on his or her way. Id.
To determine whether an officer had a reasonable suspicion justifying an investigatory stop, we must examine the “totality of the circumstances and view those facts objectively through the eyes of a reasonable police officer with the knowledge, training, and experience of the investigating officer.” Murphy v. Commonwealth, 9 Va.App. 139, 144, 384 S.E.2d 125, 128 (1989). “ ‘[A] trained law enforcement officer may [be able to] identify criminal behavior which would appear innocent to an untrained observer.’ ” Freeman v. Commonwealth, 20 Va.App. 658, 661, 460 S.E.2d 261, 262 (1995) (alterations in original) (quoting Taylor v. Commonwealth, 6 Va.App. 384, 388, 369 S.E.2d 423, 425 (1988)). The articulable suspicion must be more than a hunch, but the facts need not show that criminal activity “actually is afoot, only that it may be afoot.” Richards v. Commonwealth, 8 Va.App. 612, 617, 383 S.E.2d 268, 271 (1989).
The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response. A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while *540 obtaining more information, may be most reasonable in light of the facts known to the officer at that time.
Lee v. Commonwealth, 18 Va.App. 235, 239, 443 S.E.2d 180, 182 (1994). We have recognized that the circumstances necessary to serve as a basis for a reasonable, articulable suspicion that criminal activity is afoot may include the “characteristics of the area where the stop occurs, the time of the stop, ... suspicious conduct of the person, proximity to the scene of a recently committed crime[,] and racial identity.” Miller v. Commonwealth, 16 Va.App. 977, 980, 434 S.E.2d 897, 899 (1993) (citation and internal quotations omitted).
The record in this case establishes that, in the early morning hours of February 22, 1999, Officer Moore received a call from police dispatch regarding a fight in progress in the Pinewood subdivision. While Officer Moore was en route to the scene of the reported fight in response to the call from dispatch, another officer already on the scene of the fight radioed that the suspect was running toward Pinewood Drive, a location in the same subdivision. When Officer Moore arrived at Pinewood Drive, he saw a motor vehicle being rapidly backed out of a driveway. Based on the information Moore received from dispatch, the information Moore received from the officer on the scene, and Moore’s observation of the conduct of the driver of the motor vehicle, we find that Officer Moore had a reasonable, articulable suspicion that a crime had been committed and that the person leaving the area in the vehicle was the suspect. This information was sufficient to justify Officer Moore’s investigatory stop of Davis’s vehicle.
Thus, based on our independent examination of the totality of the circumstances reflected in the record, we conclude that Officer Moore did not violate Davis’s Fourth Amendment rights when making the initial stop. Davis’s challenge to the legality of the second stop assumes the first stop was improper. Having found no impropriety in the initial stop, we conclude that his argument regarding the second stop is without merit. Therefore, we hold that the trial court did not err in denying Davis’s motion to suppress. Accordingly, we *541 affirm Davis’s conviction for driving on a suspended operator’s license.

Affirmed.

. Davis was also convicted of refusing to take a blood, or breath test. This Court does not have jurisdiction over an appeal from a conviction of refusal to take a blood or breath test. See Commonwealth v. Rafferty, 241 Va. 319, 402 S.E.2d 17 (1991). Therefore, the portion of the appeal challenging that conviction is transferred to the Supreme Court of Virginia pursuant to Code § 8.01-677.1.

. "In Virginia, questions of fact are binding on appeal unless ‘plainly wrong.’ ” McGee, 25 Va.App. at 198 n. 1, 487 S.E.2d at 261 n. 1 (quoting Quantum Dev. Co. v. Luckett, 242 Va. 159, 161, 409 S.E.2d 121, 122 (1991)).