COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Clements and Agee
Argued at Richmond, Virginia


JOHN EDWARD CAVE, JR.

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1847-01-2         JUDGE ROBERT J. HUMPHREYS
                                        SEPTEMBER 24, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                   Paul M. Peatross, Jr., Judge

            Cheryl V. Higgins (St. John, Bowling &
            Lawrence, LLP, on brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     John Edward Cave, Jr. appeals his convictions, upon his

conditional plea of guilty, for driving after having been declared

an habitual offender, in violation of Code § 46.2-357, and forgery

of a public document, in violation of Code § 18.2-168.  Cave

contends the trial court erred in denying his motion to suppress

evidence which was obtained by police as a result of a stop of his

vehicle.  For the reasons that follow, we affirm the judgment of

the trial court.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

Prior to the trial on his indictment for driving after having been declared an habitual offender and for forgery of a public document, Cave filed a motion to suppress the evidence against him contending that he had committed no offense against the laws of the Commonwealth at the time he was stopped by Officer John McKay, of the Albemarle Police Department. Thus, Cave argued his subsequent arrest "was the result of an unauthorized stop and search."

During the hearing on the motion to suppress, Officer McKay was qualified as an expert in auto mechanics and brakes, and testified as such over Cave's objection.

At the conclusion of the evidence, the Court held:

> I think this is a closer case than most and I comprehend and understand [Cave's] argument. Just because someone has squeaky brakes doesn't mean they're driving with defective brakes. But here Officer McKay is saying more in that he recognizes the sound of metal-on-metal and that coupled with his experience as a mechanic and working on brakes and that the car did not appear to slow as it should have had the brakes been proper, in his opinion is enough to give him articulable suspicion to stop. So I overrule the motion.

Cave subsequently entered a plea of guilty, pursuant to Code § 19.2-252, conditioned upon his ability to appeal the court's ruling on the motion to suppress.

On appeal, Cave argues the trial court erred in overruling his motion to suppress contending that Officer McKay lacked the

-

necessary reasonable articulable suspicion to stop his car.  We

disagree.

> Under well established Fourth Amendment
> principles, "[t]he police can stop and
> briefly detain a person for investigative
> purposes if the officer has a reasonable
> suspicion supported by articulable facts
> that criminal activity 'may be afoot.'"
> United States v. Sokolow, [490 U.S. 1, 7]
> (1989) (quoting Terry v. Ohio, [392 U.S. 1,
> 30] (1968)).  "Ultimate questions of
> reasonable suspicion and probable cause to
> make a warrantless search" or seizure
> involve issues of both law and fact and are
> reviewed de novo on appeal.  See Ornelas v.
> United States, [517 U.S. 690, 691] (1996)
> . . . . "[I]n performing such analysis, we
> are bound by the trial court's findings of
> historical fact unless 'plainly wrong' or
> without evidence to support them[,] and we
> give due weight to the inferences drawn from
> those facts by resident judges and local law
> enforcement officers."  McGee v.
> Commonwealth, 25 Va. App. 193, 198, 487
> S.E.2d 259, 261 (1997) (en banc) (citing
> Ornelas, [517 U.S. at 699]).

Glasco v. Commonwealth, 26 Va. App. 763, 770-71, 497 S.E.2d 150,

153-54 (1998).  Thus, the burden is upon Cave to show that this

ruling, when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.  See Fore v.

Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).

"To determine whether an officer had a reasonable suspicion

justifying an investigatory stop, we must examine the 'totality of

the circumstances and view those facts objectively through the

eyes of a reasonable police officer with the knowledge, training,

and experience of the investigating officer.'"  Davis v.

-

Commonwealth, 35 Va. App. 533, 539, 546 S.E.2d 252, 255 (2001) (quoting Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989)).  Indeed, we have recognized that "'a trained law enforcement officer may [be able to] identify criminal behavior which would appear innocent to an untrained observer.'"  Freeman v. Commonwealth, 20 Va. App. 658, 661, 460 S.E.2d 261, 262 (1995) (quoting Taylor v. Commonwealth, 6 Va. App. 384, 388, 369 S.E.2d 423, 425 (1988)).  Therefore, although "reasonable articulable suspicion" must be more than a hunch, the facts need not show that criminal activity "actually is afoot, only that it may be afoot." Richards v. Commonwealth, 8 Va. App. 612, 616, 383 S.E.2d 268, 271 (1989).

Code § 46.2-1066 provides as follows:

> Every motor vehicle when driven on a highway shall be equipped with brakes adequate to control the movements of and to stop and hold such vehicle. The brakes shall be maintained in good working order and shall conform to the provisions of this article.
>
> Every bicycle, electric power-assisted bicycle, and moped, when operated on a highway, shall be equipped with a brake that will enable the operator to make the braked wheels skid on dry, level, clean pavement. Every electric personal assistive mobility device, when operated on a highway, shall be equipped with a system that, when activated or engaged, will enable the operator to bring the device to a controlled stop.

Here, Officer McKay, a police officer with eleven years of experience, testified that he stopped Cave because he heard the vehicle's brakes make a "very loud metallic sort of

-

metal-on-metal squeal.  It was much more severe than I normally associate with brakes that are just worn.  It was very, very loud, very loud noise."  In addition, Officer McKay testified that he observed that the car did not appear to slow down "normally."

Based upon the above jurisprudence, it is clear that the fact the brakes may not have been <u>actually</u> defective is irrelevant.  A trained, experienced police officer heard Cave's obviously loud brakes make a "metal-on-metal" sound, and observed that his car did not appear to slow properly.  Based on the totality of these circumstances, we find Officer McKay possessed reasonable suspicion sufficient to justify the stop of the car.  Accordingly, as we have found that Officer McKay possessed the necessary reasonable suspicion to stop the car as a trained police officer, we do not address Cave's argument that the trial court relied too heavily upon McKay's expert testimony.

For the reasons cited above, we hold that the stop of Cave's vehicle did not violate the Fourth Amendment and that the trial court properly denied the motion to suppress.  Therefore, we affirm Cave's convictions.

<u>Affirmed.</u>

-