COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Humphreys and Kelsey
Argued at Richmond, Virginia


GUS WELLS, JR.

                                    MEMORANDUM OPINION* BY
v.   Record No. 0375-02-2      CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         APRIL 22, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                   William L. Wellons, Judge

         Mark Mokris (Law Office of Mark Mokris,
         P.L.C., on brief), for appellant.

         Richard B. Smith, Senior Assistant Attorney
         General (Jerry W. Kilgore, Attorney General,
         on brief), for appellee.


     Gus Wells, Jr. (appellant) was convicted of possession of a

firearm on school property in violation of Code § 18.2-308.1.

Appellant contends the trial court erred in denying his motion to

suppress because the police lacked a reasonable articulable

suspicion to stop him.  The trial court denied the suppression

motion and convicted appellant.  For the following reasons, we

affirm the trial court's ruling.

                             I.

     At the close of school on January 14, 2000, Mr. Clark, the

principal of Halifax County High School, told Deputy Brett

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Birkmeyer (Birkmeyer), the school resource officer,[1] that at dismissal time "there was going to be some people coming from [Mecklenburg] County to cause a problem, a disturbance, basically to fight students from the high school." Clark asked Birkmeyer "to keep a check in the parking lot and the bus parking lot," both of which were located on school property. Birkmeyer and Deputy Bowen saw appellant leave the student parking lot and drive toward the loading zone in front of the school. Bowen pointed to appellant and stated "that's Gus Wells and [he] doesn't have any reason to be here." Birkmeyer had "prior knowledge of [appellant] through [his] employment with the Clarksville Police Department." He "knew him not to be a student of the high school and [with no] reason . . . to be on the school property." Birkmeyer "had no reason to think [appellant] wasn't" a part of the group identified by the high school's principal. Birkmeyer stopped appellant's car in the loading zone in front of the school. He "walked up to [the] vehicle and asked [appellant] for his driver's license and his registration." Appellant then "stated to [Birkmeyer] he had a gun" which Birkmeyer "observed . . . on the dash of his vehicle." Birkmeyer confiscated the weapon and a clip of ammunition.

Appellant moved to suppress the gun as a product of an unlawful stop. He argued that the police did not have a

---

[1] The duties of a school resource officer include enforcement of the laws of the Commonwealth in the high school and to provide security for the school.

-

reasonable articulable suspicion that he was involved in criminal activity.  The trial court, in overruling the motion, stated:

> The question here is whether or not the deputy had reasonable suspicion to believe that a criminal offense was being committed when the offense occurred.  In the words of - as cited by the Commonwealth when the officer can articulate and particularize an objective basis to suspect that an individual is involved in criminal activity, the officer may briefly detain the suspect in order to further investigate that suspicion.  Here the Court notes that this is not an individual unknown to [Birkmeyer].  [Birkmeyer] had known [appellant], knew that he was from the Clarksville area of Mecklenburg County.  [Birkmeyer] had been told by the principal to look out for individuals who may be there from the Mecklenburg County area.  [Appellant], in a general way, fits the description of what the principal was making reference to.  [Birkmeyer] was concerned about the possibility of criminal activity taking place by someone from Mecklenburg County.  Under those circumstances the Court finds that there was justification for the officer to stop [appellant's] vehicle and to inquire as to his reason for being there on the school grounds.  The Court finds that he did, in fact, have reasonable suspicion to stop [appellant], and, therefore, the motion to suppress is overruled.

(Emphasis added).  Following that ruling, the parties agreed to stipulate to the evidence obtained at the suppression hearing and, after brief testimony from Birkmeyer, the trial court found appellant guilty.  Appellant appeals this ruling.

## II.

When reviewing the ruling on a suppression motion, we consider the evidence most favorably to the prevailing party

-

below, according deference to the decision of the trial court, with the burden to show reversible error resting upon the appellant. See Wallace v. Commonwealth, 32 Va. App. 497, 501, 528 S.E.2d 739, 740 (2000); Miller v. Commonwealth, 16 Va. App. 977, 979, 434 S.E.2d 897, 899 (1993). "While we are bound to review de novo the ultimate questions of reasonable suspicion and probable cause, we 'review findings of historical fact only for clear error . . . and give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" Davis v. Commonwealth, 35 Va. App. 533, 538, 546 S.E.2d 252, 255 (2001) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).

A police officer may constitutionally conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity may be afoot. See Terry v. Ohio, 392 U.S. 1, 30 (1968). "A reasonable suspicion is more than an unparticularized suspicion or hunch. Reasonable suspicion, while requiring less of a showing than probable cause, requires at least a minimal level of objective justification for making the stop." Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 923 (2000) (citing United States v. Sokolow, 490 U.S. 1 (1989)). "The court must consider the totality of the circumstances in determining whether a police officer had a particularized and objective basis for suspecting that a person stopped may be involved in criminal activity."

-

<u>Bass</u>, 259 Va. at 475, 525 S.E.2d at 924 (citing <u>United States v.</u> <u>Cortez</u>, 449 U.S. 411, 417-18 (1981)).

"Actual proof that criminal activity is afoot is not necessary; the record need only show that it may be afoot." <u>Harmon v. Commonwealth</u>, 15 Va. App. 440, 444, 425 S.E.2d 77, 79 (1992).

In the instant case, the evidence proved that Birkmeyer had the requisite reasonable, articulable suspicion necessary for an investigatory detention. The principal of the high school told Birkmeyer that people from Mecklenburg County might be arriving at the school at the end of the day to cause a disturbance. Birkmeyer saw appellant, a person he knew to be from Mecklenburg County, who had no reason to be on Halifax County High School property. Appellant, a non-student, was first seen in the students' parking lot and later stopped in the school's loading zone. He fit the principal's description of a non-student from Mecklenburg County who might be at the school at dismissal to cause a disturbance. Thus, Birkmeyer had a reasonable, articulable, objective suspicion that "criminal activity may be afoot" sufficient to justify his brief, investigatory stop. Accordingly, the trial court's ruling is affirmed.

<u>Affirmed.</u>