# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Shanklin

June 9, 2003

Case No. K102495

BY JUDGE JONATHAN C. THACHER

This matter came before the court on May 23, 2003, on the Defendant's Motion to Suppress evidence obtained during a stop by the Fairfax County Police at 2:00 a.m. in the morning of February 19, 2002. The matter was taken under advisement to determine whether the Motion to Suppress should be granted. For the reasons stated in this letter opinion, the Motion to Suppress is denied.

At 2:00 a.m. in the morning of February 19, 2002, a fire broke out in a building still under construction in a partially developed residential complex off of Sunrise Valley Drive in Reston, Virginia. Officer Crist, on patrol near the complex, noticed the fire and arrived at the complex entrance at the same time as the fire department. The fire was located only 50 to 100 yards from the entrance. As Officer Crist began to enter the complex, he saw a small, white car exiting. Officer Crist immediately proceeded around the median of the entrance/exit of the complex and stopped the car, operated by Mr. Shanklin. Upon the stop, the defendant was found to be intoxicated and was arrested and charged with DWI, his third arrest and DWI charge within ten years.

According to Officer Crist's testimony, at the time of the stop, he had no knowledge whether or not the complex had any residents living there at the

time. He testified that there were several structures appearing to be complete and he noticed other cars parked in front of the complex. However, he did not observe any other cars exiting the complex at the time he entered. The only other non-emergency vehicle in the general area was occupied by elderly individuals traveling on a road just outside of the complex.

Officer Crist testified that he initially suspected arson since the Fairfax County Police and neighboring police departments had investigated similar fires suspected to be arsons over the last year and a half. These suspected arsons were generally set late at night, often at a construction site or in partially developed buildings, and all occurred in the same geographic location. In addition, Officer Crist recalled one of several dispatches issued to police officers to be on the lookout for certain vehicles, possibly a small, white vehicle, a black vehicle, or several other vehicles. The dispatch had been active for eighteen months. No description of an occupant was provided.

### Analysis

In Virginia, "if a police officer has reasonable, articulable suspicion that a person is engaging in, or is about to engage in criminal activity, the officer may detain the suspect to conduct a brief investigation without violating the person's Fourth Amendment protection against unreasonable searches and seizures." *McGee v. Commonwealth*, 25 Va. App. 193, 202, 487 S.E.2d 259 (1997) (*citing Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968)); *see also Davis v. Commonwealth*, 35 Va. App. 533, 546 S.E.2d 252 (2001). Upon review of the facts, an examiner must make an objective ruling and ask, "Would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" *Terry*, 392 U.S. at 21-22; *see also Jones v. Commonwealth*, 230 Va. 14, 18, 334 S.E.2d 536 (1985).

A reasonable, articulable suspicion is determined by pointing to specific and articulable facts which, when taken together, create rational inferences from those facts. *Id.*, at 21. "The articulable suspicion must be more than a hunch, but the facts need not show that criminal activity 'actually is afoot, only that it *may* be afoot'." *Davis*, 35 Va. App. at 539 (*quoting Richards v. Commonwealth*, 8 Va. App. 612, 617, 383 S.E.2d 268 (1989)). Consequently, it may be considered reasonable for a police officer to briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information in light of the facts known to

the officer at the time. *Beckner v. Commonwealth*, 15 Va. App. 533, 538, 425 S.E.2d 530 (1993) (*quoting Adams v. Williams*, 407 U.S. 143, 145-46, 32 L. Ed. 2d 612, 92 S. Ct. 1921 (1972)). In essence, there are no bright line rules that a court needs to follow when determining whether reasonable and articulable suspicion exists to warrant a stop. *Id.*, at 539; *accord Ewell v. Commonwealth*, 254 Va. 214, 217, 491 S.E.2d 721 (1997); *Terry*, 392 U.S. at 21-22; *see also Jones*, 230 Va. at 18. The court must look at the "totality of the circumstances and view those facts objectively through the eyes of a reasonable police officer with the knowledge, training, and experience of the investigating officer." *Murphy v. Commonwealth*, 9 Va. App. 139, 144, 384 S.E.2d 125 (1989). In determining whether an officer possesses reasonable, articulable suspicion that criminal activity is afoot, the court considers, *inter alia* (1) the characteristics of the area where the stop occurred; (2) the time of the stop; (3) suspicious conduct of the person; and (4) the proximity to the scene of a recently committed crime. *Miller v. Commonwealth*, 16 Va. App. 977, 980, 434 S.E.2d 897 (1993) (*quoting Smith v. Commonwealth*, 12 Va. App. 1100, 1103, 407 S.E.2d 49 (1991), *and Wells v. Commonwealth*, 6 Va. App. 541, 552, 371 S.E.2d 19 (1988)).

Mr. Shanklin asserts that the stop conducted by Officer Crist lacked any form of reasonable, articulable suspicion thus violating his rights under the Fourth Amendment to the United States Constitution. Specifically, Mr. Shanklin challenges the reliability of the dispatch received by Officer Crist and asserts that it did not contain sufficient indicia of reliability to warrant reasonable, articulable suspicion of criminal activity under *Miller v. Commonwealth*. *Ramey v. Commonwealth*, 35 Va. App. 624, 547 S.E.2d 519 (2001) (an officer received a dispatch to be on the lookout for a specific kind of car, a specific license number, and specific passengers since one was somehow involved in a shooting the night before); *see also Waugh v. Commonwealth*, 12 Va. App. 620, 405 S.E.2d 429 (1991) (holding that despite a police radio broadcast indicating that a person in a blue van was illegally selling vacuum cleaners, an officer did not have a reasonable, articulable suspicion to warrant a stop of a nearby van).

The reliability of the dispatch is only one factor which may be used to support an investigatory stop. The *Miller* Court stated that the totality of circumstances, the whole picture, provided a particularized and objective basis for suspecting defendant of criminal activity and justified the investigatory stop. *Miller*, 16 Va. App. at 980 (*citing United States v. Cortez*, 449 U.S. 411, 417-18, 66 L. Ed. 2d 621, 101 S. Ct. 690 (1981)). In *Miller*, the police

received a report of a silent alarm activated at a car dealership and found a door broken with a rock. The police dispatch described the vehicle occupants and offered the possibility that the vehicle had license plates from one of two different localities. *Miller*, 16 Va. App. at 979. In the instant case, the relevant dispatches described the possibility that the arsonist may be driving a small, white car. This dispatch information, coupled with other supporting circumstances, reasonably led Officer Crist to suspect that Mr. Shanklin may possibly be associated with an alleged arson in progress. First, there was a fire in progress at a construction site that appeared to be similar to past arsons at other construction sites. Second, it was late at night. Third, Mr. Shanklin's car matched a description of a suspected car issued in a dispatch. Fourth, his car was the only car observed by Officer Crist to be exiting the complex at the time of the fire, via the only exit known to Officer Crist. Finally, the fire was located in a geographic area where there had been numerous arsons over the last year and a half. Taken together, the sum of these circumstances establish sufficient specific and articulable facts that would reasonably lead a police officer to effectuate a stop.

Mr. Shanklin, in further support of his Motion to Suppress, asserts that he was not engaged in suspicious activity and implies that this fact requires that his motion be granted. While Defendant cites several cases in support of this proposition, *Ewell v. Commonwealth*, 254 Va. 214 (1997); *United States v. Sundiata*, 3 F. Supp. 2d 682 (E.D. Va. 1998); *Harris v. Commonwealth*, 262 Va. 407, 551 S.E.2d 606 (2001); *United States v. Betemit*, 899 F. Supp. 255 (E.D. Va. 1995), suspicious activity is not a factor necessary to establish a reasonable, articulable suspicion. *Miller*, 16 Va. App. at 980 (1993). There was no indication of suspicious activity on the part of defendants in the *Miller* case. Yet, considering the other attendant circumstances, the Court found the officer's stop valid.

The Virginia Courts and the United States Supreme Court have recognized that it may be the essence of good police work to effectuate a "brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information." *Davis*, 35 Va. App. at 539 (*quoting Lee v. Commonwealth*, 18 Va. App. 235, 239, 443 S.E.2d 180 (1994)); *see also Beckner*, 15 Va. App. at 538 (*quoting Adams*, 407 U.S. at 145-46). Officer Crist did not violate Mr. Shanklin's Fourth Amendment rights when he stopped him on the morning of February 19, 2002. The Fourth Amendment does not "require a policeman ... to simply shrug his shoulders and allow a crime to occur or a criminal to escape,"

*Beckner*, 15 Va. App. at 538, and the facts available to Officer Crist at the time of the stop were sufficient to warrant a man of reasonable caution in the belief that the stop was appropriate. *Terry*, 392 U.S. at 21-22 (*quoting Carroll*, 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280 (1925)); *see also Jones*, 230 Va. at 18. In looking at the totality of the circumstances and considering all of the facts in the case, this Court finds that Officer Crist held a reasonable, articulable suspicion that criminal activity may have been afoot. Defendant Shanklin's Motion to Suppress is denied.