# CIRCUIT COURT OF DICKENSON COUNTY

Commonwealth of Virginia

v.

Andrew Saunders

Commonwealth of Virginia

v.

Eric Rodriguez

February 3, 2014

BY JUDGE HENRY A. VANOVER

This letter opinion follows a hearing conducted in the Circuit Court of Dickenson County on January 29, 2014. The motion, its supporting authority, and the presented oral argument have been reviewed and considered by this Court.

## Statement of Facts

On or about March 22, 2013, Sgt. Jarrod Salyer of the Dickenson County Sheriff's Office received a Facebook message from what appeared to be the Facebook account of M. This message relayed information of possible narcotics transportation into Dickenson County. Salyer followed this message with a cell phone call and text messages to one claiming to be M. This tip included a vehicle description as well as information that the vehicle would be driven by an African American male, a Hispanic male would be in the front passenger seat, and a female passenger would be in the back seat. The tip also indicated that the vehicle would be traveling into Dickenson County by way of State Route 72,

Coeburn Rd. This information was relayed to Investigator Kenneth Hill of the Dickenson County Sheriff's Office.

Based upon this information, Hill and Salyer, along with other officers from the Dickenson County Sheriff's Office and the Virginia State Police formulated a plan in an attempt to intercept this vehicle. Hill and Special Agent Ray Cox of the Virginia State Police traveled to Coeburn, Va., to be on the lookout for the described vehicle. Other officers staged at the Dickenson County line in order to be on the lookout for the vehicle.

Shortly after arriving in Coeburn, Hill and Cox observed a vehicle matching the description pass by their location on Rt. 72. They began following the vehicle and communicated to other officers their observations. When a vehicle matching the description given in the tip passed by their location, Deputy Kelly Fleming and Sgt. Wes Mullins began following the vehicle. Fleming executed a traffic stop on the target vehicle.

This stop resulted in multiple drug and firearm related charges on both defendants. The female passenger was not charged.

*Relevant Law*

The Fourth Amendment to the United States Constitution provides protection from "unreasonable searches and seizures." U.S. Const., Amend. IV. Generally, searches or seizures conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment. *Katz v. United States*, 389 U.S. 347 (1967).

One year after *Katz*, The United States Supreme Court decided *Terry v. Ohio*, 392 U.S. 1 (1968). *Terry*, along with subsequent cases, established a more flexible "totality of the circumstances" test. This line of cases established that the police may detain a person for questioning about completed or contemplated felonies. *Id*. This action is still an intrusion under the Fourth Amendment and is sustainable only if the police had an reasonable, articulable suspicion and an objective basis for their actions. *United States v. Hensley*, 469 U.S. 421 (1985). This basis is a smaller *quantum* of evidence, knowledge, and experience, than is required for probable cause, but more than just mere suspicion. *Leeth v. Commonwealth*, 223 Va. 335 (1982). As is the case with probable cause, it is not possible to articulate precisely what is meant by "reasonable, articulable suspicion." Of probable cause and reasonable, articulable suspicion, The United States Supreme Court has said:

> They are common sense, non-technical conceptions that deal with "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. . . ." We have described reasonable suspicion simply as a "particularized and objective basis" for suspecting the person stopped of criminal activity . . . and probable cause to

search as existing where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found. . . . We have cautioned that these two legal principles are not "finely tuned standards," comparable to the standards of proof beyond a reasonable doubt or of proof by a preponderance of the evidence. They are instead fluid concepts that take their substantive content from the particular contexts in which the standards are being assessed.

*Ornelas v. United States*, 517 U.S. 690 (1996).

A seizure of the person and goods will be sustained in Virginia if the totality of circumstances, such as police "be on the lookout for" memoranda, locality, racial identity, time, proximity, and suspicious conduct, show a basis for a reasonable articulable suspicion that some crime is or was afoot. *Miller v. Commonwealth*, 16 Va. App. 977 (1994). Evidence which has been seized by government officials or their agents in violation of the Fourth Amendment is not admissible into evidence. *Mapp v. Ohio*, 367 U.S. 643 (1961).

Furthermore, if an officer is to act on a tip, two conditions must be met. The officer must (1) have some reason to believe that the tipster is personally reliable as a general matter and (2) that the tipster is speaking from good information in this case. *Harris v. Commonwealth*, 276 Va. 689 (2008). However, tips from an anonymous tipster are judged by a different standard. *Jackson v. Commonwealth*, 267 Va. 666 (2004). Information from an unknown informant must contain more than easily obtained facts that could be known by even the casual observer. *Florida v. J.L.*, 529 U.S. 266 (2000). An anonymous tipster's accurate description of a subject's readily available location and appearance is not enough to establish that the tipster had knowledge of the subject's criminal activity. *Id.* Although a subject's profile, standing alone, is not sufficient, it may, in conjunction with other evidence, justify an investigatory stop. *Iglesias v. Commonwealth*, 7 Va. App. 93 (1988). For example, in *Alabama v. White*, the U.S. Supreme Court noted the importance of "the caller's ability to predict the defendant's future behavior, because it demonstrated inside information — a special familiarity with the defendant's affairs that the general public would have no way of knowing." *Alabama v. White*, 496 U.S. 325 (1990). In that case, the Court held, "once the police verified the caller's predictions, it was reasonable to conclude that the caller had reliable information about the defendant's illegal activities." *Id.* That "basis of knowledge" provided the anonymous caller with sufficient indicia of reliability to justify the investigatory stop. *Id.*

*Analysis*

The information relayed to the Sheriff's Office originated through a Facebook message from what appeared to be the account of M. This initial tip was furthered through a cell phone call to one claiming to be M. and subsequent text messages to the same cell phone number. At the time of receiving the tip, the Sheriff's Office could not verify that they were in fact communicating with M. Therefore, this analysis has to be conducted as if the tip was received from an anonymous source.

The information received included the make, model, and color of the vehicle as well as an indication that the vehicle would display a Georgia registration. The tip also stated that an African American male would be driving, a Hispanic male would be the front passenger seat, and a female would be in the rear passenger seat. Further information indicated that the vehicle would travel into Dickenson County by way of Rt. 72, Coeburn Rd., and gave an approximation of the time frame in which it would arrive.

In this case, much of the information included in the tip, such as the vehicle description and the seating arrangements, would be readily available to the casual observer. However, the tip also included information, such as the time frame and route of travel that would not be readily available to the casual observer. Therefore, when the officers involved were able to verify and confirm the caller's ability to predict future events of the target vehicle, it became reasonable to conclude that the caller had reliable information about the defendant's illegal activities and this basis of knowledge provided the anonymous caller with sufficient indicia of reliability to justify the investigatory stop.

*Conclusion*

Officers of the Dickenson County Sheriff's Office and the Virginia State Police were able to verify sufficient facts included within the tip to justify an investigatory stop of the target vehicle. Therefore, the stop in this case was constitutional, and the Motion to Suppress is denied.