COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia

UNPUBLISHED

ALFRED LAMAR DIGGS

v.        Record No. 1355-14-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARLA GRAFF DECKER
DECEMBER 8, 2015

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
E. Preston Grissom, Judge

Dalton L. Glass, Assistant Public Defender (M. Colston Jones,
Assistant Public Defender, on brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Alfred Lamar Diggs appeals his conviction for possession of marijuana with the intent to

distribute, in violation of Code § 18.2-248.1. He argues that the trial court erred by denying his

motion to suppress the evidence recovered as the result of a traffic stop. The appellant contends

that the circumstances did not provide a basis for a reasonable suspicion that the peeling vehicle

inspection sticker was in violation of the law. The record, viewed under the appropriate legal

standard, supports the trial court's conclusion that the facts provided an objective basis for the

officer to suspect that the appellant had illegally tampered with the inspection sticker. Therefore,

we affirm the judgment of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

Officer Michael Cusumano (now Detective Cusumano) of the Chesapeake Police Department testified at the hearing on the appellant's motion to suppress regarding the events that led to the appellant's arrest. During "routine patrol," Officer Cusumano saw a vehicle "coming out of an auto repair facility."[2] The officer noticed that the corner of the inspection sticker on the car was peeling away from the front windshield. Cusumano's attention was also drawn to the vehicle because there were "temporary tags" on the car, which was an older model.

The officer stopped the vehicle. Cusumano asked the appellant, the driver, for identification and any paperwork regarding the inspection sticker. While speaking with the appellant, Cusumano noted "a strong odor of marijuana coming from the vehicle." The appellant told the officer that his driver's license was suspended. Cusumano returned to his police car to "run[] . . . information" through dispatch regarding the vehicle and the appellant. At that time, he learned that the car was registered to an individual not present in the vehicle.

The officer arrested the appellant for driving on a suspended license. During a pat down of the appellant's person, Cusumano recovered a bag of marijuana. More marijuana was subsequently found inside the car.

Officer Cusumano testified that he had been a police officer for thirteen years. He worked for ten of those years in Chesapeake and for six in the particular area where the stop occurred. The officer stated that use of counterfeit inspection stickers was a problem in that

---

[1] "When reviewing a denial of a motion to suppress evidence, an appellate court considers the evidence in the light most favorable to the Commonwealth and will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence." Branham v. Commonwealth, 283 Va. 273, 279, 720 S.E.2d 74, 77 (2012).

[2] On cross-examination, the officer clarified that he did not actually see the appellant on the shop premises, but "directly beside" them. Cusumano explained that the road that the appellant was on "dead-end[ed]," leading only to the auto repair shop and a single residential street.

locality. During his time as a police officer, Cusumano had "pulled over several vehicles where the inspection stickers had been pulled off another vehicle and placed back on another windshield." The officer clarified that he had made "close to a hundred or even more" traffic stops based on torn or peeling inspection stickers and "nine out of ten times" those stops led to summonses or prosecution for "[u]nauthorized use of [an] inspection sticker." He specifically testified that "a lot of [the] small dealerships in that area . . . transfer[] inspection stickers from [one] car to another car and they have temporary tags."

Cusumano also testified that he was familiar with the auto repair shop and "the type of activity that goes on in[] that repair shop." He stated that several police pursuits had involved suspects who fled into the shop. Cusumano further testified that the area was known for a high incidence of crime and drug activity.

The appellant moved to suppress the evidence, arguing that the traffic stop was not supported by reasonable suspicion. The trial court denied the motion. In doing so, the court noted that the officer had worked "for a number of years" in that "particular area of the city." The trial court also observed that Cusumano knew that the area and the specific repair shop were "notorious for criminal activity." The court concluded that those factors, combined with the temporary license tag, the peeling inspection sticker, and the officer's specific experience with the high "percentage of peeling inspection stickers [that] turn[ed] out to be illegal," provided the basis for Cusumano to form a reasonable suspicion that the appellant was engaged in criminal activity.

The appellant entered a conditional guilty plea to possession of marijuana with intent to distribute, reserving the right to appeal the denial of his motion to suppress. The trial court sentenced him to ten years, with seven years and ten months suspended.

## II. ANALYSIS

The appellant argues that the trial court erred in denying his motion to suppress the evidence. Specifically, he contends that he was unlawfully seized in violation of his Fourth Amendment rights because law enforcement officers did not have a reasonable suspicion that he was engaged in criminal activity or had committed a traffic infraction at the time he was stopped.

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures[] shall not be violated." U.S. Const. amend. IV. This "protection extends to brief investigatory stops 'that fall short of traditional arrest.'" Moore v. Commonwealth, 276 Va. 747, 757, 668 S.E.2d 150, 155 (2008) (quoting United States v. Arvizu, 534 U.S. 266, 273 (2002)). The requirements of the Fourth Amendment are met, however, "if the officer's action in making [the stop] is supported by 'reasonable suspicion to believe that criminal activity "may be afoot."'" Id. at 757, 668 S.E.2d at 155-56 (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)). The purpose of an investigatory stop, including the stop of a vehicle, is "to permit an officer with reasonable suspicion of criminal activity to quickly confirm or dispel that suspicion." Davis v. Commonwealth, 35 Va. App. 533, 539, 546 S.E.2d 252, 255 (2001); see Moore, 276 Va. at 757, 668 S.E.2d at 155-56; see also McCain v. Commonwealth, 275 Va. 546, 553, 659 S.E.2d 512, 516 (2008). "A reasonable suspicion is more than an 'unparticularized suspicion or "hunch."'" Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 923 (2000) (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)). "However, it is something less than probable cause." Jackson v. Commonwealth, 267 Va. 666, 673, 594 S.E.2d 595, 598 (2004); see also Harmon v. Commonwealth, 15 Va. App. 440, 444, 425 S.E.2d 77, 79 (1992) (noting that "[a]ctual proof" of a crime is unnecessary).

The determination of whether reasonable suspicion exists "involve[s] questions of both law and fact" and consequently is reviewed *de novo* on appeal. McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*). In conducting this review, the Court is "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 198, 487 S.E.2d at 261 (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). "In reviewing a trial court's denial of a motion to suppress, 'the burden is upon [the appellant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" Id. at 197, 487 S.E.2d at 261 (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)).

The law is well settled regarding what constitutes a reasonable suspicion on the part of an officer. "Reasonableness is judged from the perspective of a reasonable officer on the scene allowing for the need of split-second decisions and without regard to the officer's intent or motivation." Scott v. Commonwealth, 20 Va. App. 725, 727, 460 S.E.2d 610, 612 (1995). Further, whether the Fourth Amendment has been violated is a question to be determined from all the circumstances and is viewed under an objective rather than subjective standard. See Terry, 392 U.S. at 21-22; see also Thomas v. Commonwealth, 57 Va. App. 267, 274, 701 S.E.2d 87, 90-91 (2010). We "must consider the totality of the circumstances in determining whether a police officer had a particularized and objective basis for suspecting that a person stopped may be involved in criminal activity." Bass, 259 Va. at 475, 525 S.E.2d at 924. Reasonable suspicion "is dependent upon both the content of information possessed by police and its degree of reliability." Moore, 276 Va. at 757, 668 S.E.2d at 156 (quoting Alabama v. White, 496 U.S. 325, 330 (1990)). Additionally, an officer is permitted "to view the circumstances confronting

him in light of his training and experience." James v. Commonwealth, 22 Va. App. 740, 745, 473 S.E.2d 90, 92 (1996). Each case is decided on its own particular facts and circumstances. Ornelas, 517 U.S. at 696; Jones v. Commonwealth, 52 Va. App. 548, 560, 665 S.E.2d 261, 267 (2008).

The Commonwealth maintains that the trial court correctly found that Officer Cusumano had reasonable articulable suspicion that the driver of the vehicle was violating Code § 46.2-1173. That code section provides that "[n]o person shall make, issue, or knowingly use any imitation or counterfeit of an official safety inspection sticker" and "[n]o person shall display or cause or permit to be displayed upon any vehicle any safety inspection sticker knowing it to be fictitious or issued for another vehicle." Code § 46.2-1173. "Guilty knowledge . . . is an essential element of the offense of displaying a fictitious inspection sticker or one issued for another vehicle." Moore, 276 Va. at 757-58, 668 S.E.2d at 156.

The appellant relies on the Supreme Court of Virginia's decision in Moore, 276 Va. at 751, 668 S.E.2d at 152, in support of his claim that the trial court incorrectly found that the stop was proper.[3] In Moore, a police officer saw the inspection sticker "peeling off of the windshield" of the vehicle that the defendant was driving. His experience with transferred inspection stickers caused the officer to suspect that the peeling sticker did not belong to that car.

---

[3] We note that the appellant argues that we are bound by the reasoning of the Court of Appeals panel opinion in Moore, which held that a peeling inspection sticker alone "does not justify an investigatory stop." See Moore v. Commonwealth, 49 Va. App. 294, 307, 640 S.E.2d 531, 537 (2007). The panel decision was vacated when this Court granted *en banc* review of the case. Moore, 276 Va. at 755, 668 S.E.2d at 155. The Supreme Court held that the panel "reached the correct result." Id. at 757, 668 S.E.2d at 156. The Court "reinstate[d] the majority panel decision" but did not adopt its reasoning. Compare id. at 758, 668 S.E.2d at 156, with Wagoner v. Commonwealth, 289 Va. 476, 484, 770 S.E.2d 479, 484 (2015) ("adopt[ing]" this Court's holding on a particular issue), and Allied Fibers & Plastics v. Cibula, 245 Va. 337, 338, 428 S.E.2d 905, 906 (1993) (explicitly "adopt[ing]" this Court's opinion as its own). Consequently, the Moore panel decision is not binding precedent. Moreover, unlike Moore, this case does not involve a peeling inspection sticker alone.

The Supreme Court held that the officer's suspicion of criminal activity "was undermined by his knowledge, prior to making the stop, that the defendant was driving a rental car." The Court reasoned that a rental driver was unlikely to question the inspection status of the car. Id. at 758, 668 S.E.2d at 156.

Here, unlike in Moore, the car that the appellant was driving was not rented. The peeling sticker was on an older model car with temporary license plates. The officer saw the vehicle turning onto the street from the direction of an auto repair shop where past criminal activity had occurred. Cusumano had thirteen years of experience. Six of those years had been in the same precinct where he stopped the appellant. The area was known for its high crime rate and specifically had problems with counterfeit inspection stickers. The officer had executed "close to a hundred" traffic stops based on suspicious inspection stickers. He estimated that ninety percent of those stops resulted in summonses or prosecutions related to the inspection stickers. Cusumano also specifically testified that "a lot of [the] small dealerships in that area . . . transfer[] inspection stickers from [one] car to another car and they have temporary tags." Considering the totality of the circumstances, the officer articulated sufficient facts to support a reasonable suspicion that the appellant was driving a vehicle with an unlawfully placed inspection sticker. The stop allowed Cusumano to work to "quickly confirm or dispel" his reasonable suspicion that the driver had violated Code § 46.2-1173 by asking the appellant for any paperwork relating to the inspection sticker. This is the precise reason for an investigatory stop. See Davis, 35 Va. App. at 539, 546 S.E.2d at 255. Consequently, the trial court did not err in holding that the stop of the vehicle was in accordance with the appellant's Fourth Amendment rights.

- 7 -

### III. CONCLUSION

Viewing the record in the light most favorable to the Commonwealth, the appellant has not met his burden of showing that the circumstances did not provide a basis for the officer to form a reasonable suspicion that he was driving with an illegal inspection sticker.  Consequently, we hold that the trial court did not err in denying the motion to suppress, and we affirm the appellant's conviction for possession of marijuana with intent to distribute.

<u>Affirmed.</u>